

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/01/2017

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**CONFIRMING THE DEBTORS' JOINT CHAPTER 11 PLAN**
**AS OF SEPTEMBER 18, 2017**

Each of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Filed with this Court a voluntary petition for relief under chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), on June 6, 2017 (the "Petition Date"). On September 18, 2017, the Debtors Filed the *Disclosure Statement with Respect to the Joint Chapter 11 Plan Dated as of September 18, 2017* [Docket No. 709] (as amended and modified to date, the "Disclosure Statement"). On September 18, 2017, the Debtors Filed the *Joint Chapter 11 Plan as of September 18, 2017* [Docket No. 708] (as supplemented by the Plan Supplement (defined below) and as amended and modified to date, the "Plan").[2] On September 18, 2017, the Court entered the *Order Approving: (I) The Disclosure*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] All capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan.

*Statement; (II) Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan; and (III) Related Notice and Objection Procedures* [Docket No. 714] (the "Disclosure Statement Approval Order").  The Disclosure Statement Approval Order, among other things: (i) approved the Disclosure Statement as containing "adequate information" pursuant to Section 1125 of the Bankruptcy Code; (ii) approved the solicitation procedures for the solicitation of votes on the Plan; (iii) fixed November 21, 2017, as the date by which all Ballots to accept or reject the Plan must be received (the "Voting Deadline"); (iv) fixed November 21, 2017, as the last day for Creditors and other parties in interest to File objections to Confirmation of the Plan (the "Objection Deadline"); (v) scheduled a hearing to consider Confirmation of the Plan and final approval of the Disclosure Statement for November 29, 2017 (the "Confirmation Hearing"); and (vi) prescribed the form and manner of notice with respect to the foregoing.

The Plan provides for equitable and prompt Distributions to Creditors of the Debtors and preserves the value of the Estates.  The Debtors and the Committee believe that the Plan represents the best opportunity to distribute the Estates' Cash to Creditors at the earliest possible date.

The Confirmation Hearing was held on November 29, 2017.  After having conducted the Confirmation Hearing, reviewed any objections, considered the evidence, exhibits, and records, and considered any remaining objections and arguments of counsel,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS**:

A.      Jurisdiction.  The Court has jurisdiction over the Chapter 11 Cases and the subject matter of the Confirmation Hearing pursuant to 28 U.S.C. §§ 157 and 1334.  Plan Confirmation is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and this Court has jurisdiction to enter

this Order with respect thereto.  The Debtors are eligible for relief under Section 109 of the Bankruptcy Code.

B.    <u>Venue</u>.    Venue of the Chapter 11 Cases and the subject matter of the Confirmation Hearing are proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings, all documents Filed, all orders entered, all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of the Chapter 11 Cases, and of the claims register and proofs of claim maintained by Garden City Group, LLC, the duly-appointed claims agent in these cases (the "<u>Claims Agent</u>").

D.    <u>Plan Supplement</u>.    On November 10, 2017, the Debtors Filed their Plan Supplement [Docket No. 883].  On November 22, 2017, the Debtors Filed an amended Plan Supplement [Docket No. 927] (the "<u>Plan Supplement</u>").

E.    <u>Voting Solicitation</u>.  In conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Debtors solicited votes on the Plan by distributing the following documents to Holders of Claims in Class 2 and Class 4: (1) the Confirmation Hearing Notice (as defined in the Disclosure Statement Approval Order); (2) a Ballot for voting on the Plan; (3) a pre-addressed and postage paid return envelope for the Ballot; and (4) the Disclosure Statement Approval Order.  In addition, Ballots were supplied to each Person requesting a Ballot who did not otherwise receive a Ballot.

F.    <u>Notice</u>.  Notice of the Confirmation Hearing, the Voting Deadline, and the Objection Deadline was issued in conformance with Rules 2002, 3017, and 3020, and the Disclosure Statement Approval Order was issued to creditors and other parties in interest, as

evidenced by the affidavits of service [Docket Nos. 715, 740, 844, and 889] Filed with this Court.  The Court finds that notice of the Plan and of the Confirmation Hearing has been reasonable, adequate, and sufficient in all respects.

G.      Tabulation of Acceptances.  Upon the *Declaration of Craig E. Johnson of Garden City Group, LLC Certifying the Methodology for the Tabulation of Votes with Respect to the Debtors' Joint Chapter 11 Plan as of September 18, 2017* [Docket No. 937] (the "Ballot Declaration"), the Debtors certified that they received the requisite acceptances both in number and amount from certain Classes of Creditors for Confirmation of the Plan as required under Section 1126 of the Bankruptcy Code.  As evidenced by the Ballot Declaration and based upon the record before the Court, the solicitation and tabulation of acceptances and rejections of the Plan by the Debtors, their counsel, and the Claims Agent was accomplished in a proper, fair, and lawful manner in accordance with the Disclosure Statement Approval Order, all applicable sections of the Bankruptcy Code, and all applicable sections of the Bankruptcy Rules.  Holders of Miscellaneous Secured Claims in Class 1, Other Priority Claims in Class 3, and Convenience Claims in Class 5 are Unimpaired and are, therefore, deemed to accept the Plan.  Holders of Interests in Class 6 were deemed to have rejected the Plan.  Ballots were transmitted to Holders of Claims in Classes 2 and 4 (the "Voting Classes") in accordance with the Disclosure Statement Approval Order.  The Debtors solicited votes for the Plan from the Voting Classes in good faith and in a manner consistent with the Bankruptcy Code.  As of the date of the Ballot Declaration, Holders of Claims entitled to vote to accept or reject the Plan voted in the numbers and percentages stated in the Ballot Declaration.  At least two-thirds in dollar amount and more than one-half in number of the Creditors in Classes 2 and 4 who voted on the Plan voted to accept the Plan.

H.    Objections.  The following parties filed objections to the Plan: (a) Ecolab, Inc. [Docket No. 911]; (b) Navillus Group, LLC [Docket No. 912]; (c) Navigators Specialty Insurance Company [Docket No. 914]; (d) the United States Trustee [Docket No. 916]; (e) Banc of America Credit Products, Inc. [Docket No. 920]; (f) Landry's, Inc. [Docket No. 921]; and (g) Christopher Hart [Docket No. 922].

I.    The Memorandum in Support.  The Debtors Filed the *Memorandum of Law in Support of Confirmation of the Debtors' Joint Chapter 11 Plan as of September 18, 2017,* on November 27, 2017 [Docket No. 938].

J.    Reasonable Classification of Claims and Equity Interests (Section 1122 and Section 1123(a)(1), (2) and (3)).  The Plan designates Claims and Interests, in compliance with Sections 1122 and 1123(a)(1)–(3) of the Bankruptcy Code, in the following six Classes: Miscellaneous Secured Claims (Class 1); Secured Lender Claims (Class 2); Other Priority Claims (Class 3); General Unsecured Claims (Class 4); Convenience Claims (Class 5); and Interests in the Debtors (Class 6).  The classification of Claims and Interests in Article II of the Plan is reasonable and necessary, has a rational, justifiable, and good faith basis, and places Claims and Interests in a particular Class where such Claims or Interests are substantially similar to the other Claims or Interests of such Class.  Under the Plan, Holders of Miscellaneous Secured Claims in Class 1, Other Priority Claims in Class 3, and Convenience Claims in Class 5 are Unimpaired, and are, therefore, deemed by law to have accepted the Plan.  Holders of Claims in Classes 2 and 4 and Holders of Interests in Class 6 are Impaired.  Class 6 is deemed to have rejected the Plan. In light of the foregoing, the Plan complies with Sections 1122 and 1123(a)(1)–(3) of the Bankruptcy Code.

K.      No Discrimination (Section 1123(a)(4)).   Article III of the Plan provides for all Holders of Claims and Interests within a particular Class to receive identical treatment under the Plan on account of such Claims and Interests unless such a Holder has expressly consented to less favorable treatment.   The Plan, therefore, complies with Section 1123(a)(4) of the Bankruptcy Code.

L.      Implementation of the Plan (Section 1123(a)(5)).   Article VII and other provisions of the Plan provide adequate means for implementation of the Plan, including: (1) substantive consolidation of the Debtors and their respective Estates for all purposes relating to the Plan, including for purposes of voting, Confirmation, and Distributions; (2) the appointment of a Liquidation Trustee and the designation of the powers of the Liquidation Trustee; (3) the authorization of the billing and collection of the Debtors' accounts receivable by the Liquidation Trustee; (4) the appointment of a GUC Trustee and the designation of the powers of the GUC Trustee; (5) the authorization of the creation of the GUC Trust and the administration of the GUC Trust by the GUC Trustee; (6) the cancellation of existing securities of the Debtors; (7) the authorization of necessary and appropriate corporate action; and (8) the preservation of certain Causes of Action.   Article V of the Plan specifies the procedures by which Distributions will be made to Holders of Allowed Claims.   Accordingly, the Plan provides adequate, proper, and legal means for its implementation.   The Plan, therefore, complies with Section 1123(a)(5) of the Bankruptcy Code.

M.      Equity Securities (Section 1123(a)(6)).   Section 1123(a)(6) of the Bankruptcy Code does not apply here because the Debtors have sold substantially all of their assets, all Interests in the Debtors will be cancelled and extinguished as of the Effective Date, and none of the Debtors' stakeholders will receive new equity in consideration for their Claims.   Nonetheless,

Section 7.06 of the Plan provides that the charters of the Debtors shall be amended to prohibit the issuance of nonvoting equity securities (to the extent required by the Bankruptcy Code).

N.      <u>Selection of Officers and Directors (Section 1123(a)(7))</u>.  <u>Section 5.05</u> of the Plan establishes the procedures for appointing a Liquidation Trustee.  Mark A. Roberts, a Managing Director of Alvarez & Marsal North America, LLC, has been selected as the Liquidation Trustee by the Debtors, with the agreement of the Committee and the Prepetition Agent.  Alan Carr, a partner at DriveTrain Advisors, has been selected as the GUC Trustee by the Committee, with the agreement of the Debtors and the Prepetition Agent.  Accordingly, to the extent Section 1123(a)(7) of the Bankruptcy Code is applicable, the selection of the Liquidation Trustee and the GUC Trustee was consistent with the interests of the Debtors' Creditors and comports with public policy.  The Plan, therefore, complies with Section 1123(a)(7) of the Bankruptcy Code.

O.      <u>Payment of Future Income (Section 1123(a)(8))</u>.   Section 1123(a)(8) is inapplicable because the Debtors are not individuals.

P.      <u>Impairment or Unimpairment of Claims or Interests (Section 1123(b)(1))</u>.  <u>Article III</u> of the Plan Impairs or leaves Unimpaired each Class of Claims and the class of Interests in accordance with Section 1123(b)(1) of the Bankruptcy Code.  The Plan, therefore, complies with Section 1123(b)(1) of the Bankruptcy Code.

Q.      <u>Assumption or Rejection of Executory Contracts and Unexpired Leases (Section 1123(b)(2))</u>.  Pursuant to <u>Article VI</u> of the Plan, the Debtors have exercised sound business judgment in determining that all executory contracts and unexpired leases of the Debtors shall be deemed rejected by the Debtors as of the Effective Date, except for any executory contract or unexpired lease that: (1) has been previously rejected or assumed by the Debtors pursuant to an order of this Court, or (2) is the subject of a motion to assume Filed by the Debtors which is

pending on the Effective Date.  The Plan, therefore, complies with Section 1123(b)(2) of the Bankruptcy Code.

R.      Release of Certain Causes of Action (Section 1123(b)(3)(A)).  Article X of the Plan provides for certain releases.  The releases contained in the Plan comply with Section 1123(b)(3)(A) of the Bankruptcy Code.

S.      Pursuit of Causes of Action (Section 1123(b)(3)(B)).  Article VIII of the Plan provides that the Liquidation Trustee and the GUC Trustee will retain and may (but are not required to) enforce certain Causes of Action.  The Plan also provides that after the Effective Date, the Liquidation Trustee and the GUC Trustee, in their sole and absolute discretion (except as provided in Article X of the Plan, or as provided in the Liquidating Trust Agreement or GUC Trust Agreement, as applicable), shall have the right to bring, settle, release, compromise, or enforce such Causes of Action (or decline to do any of the foregoing), without further approval of this Court.  The Liquidation Trustee and the GUC Trustee are permitted to pursue such Causes of Action so long as it is the best interests of the Liquidating Trust or GUC Trust, as applicable. Pursuant to Section 8.02 of the Plan, the failure of the Debtors to specifically list any claim, right of action, suit, proceeding or other Cause of Action in the Plan does not, and will not be deemed to, constitute a waiver or release by the Estates, the Liquidation Trustee, the GUC Trustee, or the Debtors of such claim, right of action, suit, proceeding or other Cause of Action, and the Liquidation Trustee and the GUC Trustee (on behalf of the Debtors) will retain the right to pursue such claims, rights of action, suits, proceedings and other Causes of Action and, therefore, no preclusion doctrine, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to such claim, right of action, suit, proceeding or other Cause of Action upon or after the Confirmation or consummation of the

Plan.  The provisions of <u>Section 8.02</u> of the Plan comply with and are consistent with Section 1123(b)(3)(B) of the Bankruptcy Code.  The retention and enforcement of Causes of Action (1) are an essential means of implementing the Plan, (2) are integral elements of the settlements and compromises incorporated in the Plan, and (3) confer material benefits on, and are in the best interests of, the Debtors, their Estates, their stakeholders and other parties in interest.

T.      <u>Plan Compliance With Provisions of the Bankruptcy Code (Section 1129(a)(1))</u>. The Plan complies with all applicable provisions of the Bankruptcy Code, including Sections 1122 and 1123 of the Bankruptcy Code.  The Plan, therefore, complies with Section 1129(a)(1) of the Bankruptcy Code.

U.      <u>Proponent's Compliance With Applicable Provisions of the Bankruptcy Code (Section 1129(a)(2))</u>.  The Debtors have fully complied with the provisions of Sections 1125 and 1126 of the Bankruptcy Code and with Bankruptcy Rules 3017 and 3018 regarding disclosure and notice.  The Debtors solicited acceptances of the Plan from Class 2 (Secured Lender Claims) and Class 4 (General Unsecured Claims).  Class 1 (Miscellaneous Secured Claims), Class 3 (Other Priority Claims), and Class 5 (Convenience Claims) are Unimpaired under the Plan and, as a result, pursuant to Section 1126(f), Holders of Claims in those Classes are conclusively presumed to have accepted the Plan.  Holders of Interests in Class 6 (Interests in the Debtors) are Impaired and deemed to have rejected the Plan, and the Debtors did not solicit votes from this Class. The Debtors, therefore, have satisfied the applicable requirements of Section 1129(a)(2) of the Bankruptcy Code.

V.      <u>Plan Proposed in Good Faith (Section 1129(a)(3))</u>.  The Plan has been proposed in good faith and not by any means forbidden by law.  The Plan was proposed by the Debtors with the intent to realize the maximum benefit for the Debtors' stakeholders.  The Plan was the

product of arms-length negotiations among the Debtors, the Committee, the Prepetition Agent, and certain other parties, and the Plan is consistent with the interests of all the Estates' constituencies.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases and the formulation of the Plan and has concluded that there is a reasonable likelihood that the Plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.  The Debtors, therefore, have satisfied the requirements of Section 1129(a)(3) of the Bankruptcy Code.

W.      Payment of Costs and Expenses (Section 1129(a)(4)).  Any payments made or to be made by the Debtors or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have, to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or the various orders of this Court, been approved by, or are subject to the approval of, this Court as reasonable.   The Plan, therefore, complies with Section 1129(a)(4) of the Bankruptcy Code.

X.      Disclosure of Identities of Officers, Directors and Insiders (Section 1129(a)(5)). The Debtors, the Prepetition Agent and the Committee have agreed to the designation, as set forth in the Plan, of Mark A. Roberts as the Liquidation Trustee and Alan Carr as the GUC Trustee.  The Plan, therefore, complies with Section 1129(a)(5) of the Bankruptcy Code.

Y.      No Rate Change (Section 1129(a)(6)).  The Plan does not provide for any rate change over which a governmental regulatory commission will have jurisdiction.  Therefore, Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Plan.

Z.      Best Interest of Creditors (Section 1129(a)(7)).  With respect to each Class of Impaired Claims against and Interests in the Debtors, each Holder of a Claim or Interest of such Class either (1) has accepted (or is deemed to have accepted) the Plan, or (2) will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtors were liquidated on such date under Chapter 7 of the Bankruptcy Code.  The Plan, therefore, complies with Section 1129(a)(7) of the Bankruptcy Code.

AA.     Plan Acceptance (Section 1129(a)(8)).  Class 6 is Impaired and deemed to have rejected the Plan.  Therefore, the Plan does not satisfy the requirements of Section 1129(a)(8) of the Bankruptcy Code. However, as shown below, the Plan meets the requirements of Section 1129(b) of the Bankruptcy Code.

BB.     Plan Treatment of Administrative Claims, Other Priority Claims, and Priority Tax Claims (Section 1129(a)(9)).  The Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code because, except to the extent that the Holder of a particular Claim has agreed to different treatment of such Claim, Sections 3.03, 3.05, and 3.08 of the Plan provide that Administrative Claims, Other Priority Claims, and Priority Tax Claims shall be treated in accordance with Section 1129(a)(9) of the Bankruptcy Code.

CC.     Acceptance by at Least One Impaired Class (Section 1129(a)(10)).  The Plan has been accepted by Classes 2 and 4, therefore, has been accepted by both Classes of Impaired Claims under the Plan (which acceptance has been determined without including any vote by any insider).  The Plan, therefore, complies with Section 1129(a)(10) of the Bankruptcy Code.

DD.     Feasibility (Section 1129(a)(11)).  Except for the liquidation provided for in the Plan, Confirmation of the Plan is not likely to be followed by the liquidation, or the need for

further financial reorganization, of the Debtors or any successor to the Debtors under the Plan. The Plan, therefore, complies with Section 1129(a)(11) of the Bankruptcy Code.

EE.    Payment of Fees (Section 1129(a)(12)).  Section 1129(a)(12) of the Bankruptcy Code requires the payment of all fees payable under 28 U.S.C. § 1930.  Section 3.03(b) of the Plan provides that the Debtors shall pay all fees required by the Bankruptcy Code, Bankruptcy Rules, United States Trustee guidelines, and the rules and orders of the Bankruptcy Court. Moreover, Section 3.03 of the Plan provides for the payment in full of all Allowed Administrative Claims.  The Plan defines "Administrative Claim" to include "any fees or charges assessed against the Debtors' respective Estates under section 1930 of title 28 of the United States Code."  The Plan, therefore, complies with Section 1129(a)(12) of the Bankruptcy Code.

FF.    Retiree Benefits (Section 1129(a)(13)).  Section 1129(a)(13) of the Bankruptcy Code requires that the Plan provide "for the continuation of payment of all retiree benefits, as that term is defined in section 1114 of [the Bankruptcy Code], at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 [of the Bankruptcy Code], at any time prior to the confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits."  The Debtors are not (and, as of the Petition Date, were not) obligated to provide any retiree benefits as that term is defined pursuant to Section 1114 of the Bankruptcy Code. Accordingly, Section 1129(a)(13) is inapplicable.

GG.    Domestic Support Obligations (Section 1129(a)(14)).  The Debtors are not individuals and have no domestic support obligations.  Section 1129(a)(14) of the Bankruptcy Code is, therefore, inapplicable.

HH.    Requirements for Debtors that Are Individuals (Section 1129(a)(15)).    Section 1129(a)(15) of the Bankruptcy Code only applies to individuals.    The Debtors are not individuals, and Section 1129(a)(15) is, therefore, inapplicable.

II.    Transfer of Property (Section 1129(a)(16)).    The Debtors are each moneyed, business, or commercial corporations.    Accordingly, Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

JJ.    The Plan Does Not Discriminate Unfairly and is Fair and Equitable (Section 1129(b)).    With respect to the Classes that are Impaired under, and have not accepted, the Plan, the Plan does not discriminate unfairly and is fair and equitable.    With respect to Class 6, the rejecting Impaired class, no Holder of any Claim or Interest that is junior to this Class will receive or retain under the Plan on account of such junior Claim or Interest any property. Accordingly, Section 1129(b) of the Bankruptcy Code is satisfied.

KK.    No Other Plan (Section 1129(c)).    Other than the Plan, no reorganization plan has been Filed with respect to the Debtors' Chapter 11 Cases.    Therefore, the requirements of Section 1129(c) of the Bankruptcy Code have been satisfied.

LL.    Avoidance of Taxes or Application of Securities Laws (Section 1129(d)).    No party in interest that is a governmental unit (as defined in the Bankruptcy Code) has objected to the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the Court finds this is not the principal purpose of the Plan.    The Plan, therefore, satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

MM.    Release, Injunction and Exculpation.    The release, injunction, and exculpation provisions set forth in the Plan and this Order: (1) are within the jurisdiction of this Court under

28 U.S.C. § 1334; (2) are each an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code; (3) are integral elements of the settlements and compromises incorporated in the Plan; (4) confer material benefits on, and thus are in the best interests of, the Debtors, their Estates, their stakeholders, and other parties in interest; and (5) are, under the facts and circumstances of the Chapter 11 Cases, consistent with and permitted pursuant to Sections 105, 1123 and 1129 and all other applicable provisions of the Bankruptcy Code. Further, reasonable, adequate, and sufficient notice of and opportunity to be heard with respect to such release, injunction, and exculpation provisions have been provided under the circumstances and such notice and opportunity have complied with all provisions of the Bankruptcy Code, Bankruptcy Rules, and all other applicable rules and law, including Bankruptcy Rules 2002(c)(3), 3016(c), 3017(f) and 3020.

NN.     Exemption from Transfer Taxes.  All transfers and issuances by the Debtors on and subsequent to the Effective Date are transfers under the Plan free from the imposition of taxes of the kind specified in Section 1146(a) of the Bankruptcy Code and are subject to the exemptions of Section 1145 of the Bankruptcy Code.

OO.     Substantive Consolidation. The evidence presented at the Confirmation Hearing supports the Substantive Consolidation of the Debtors.  Separating the liabilities and claims of the Debtors would be time consuming, difficult and costly, and there will be considerable savings in administrative costs by having one Disclosure Statement and Plan instead of several. Moreover, no Creditor has objected to the substantive consolidation of the Debtors, and no Creditor can argue that it will be prejudiced by substantive consolidation.

PP.     Good Faith Solicitation.  Based upon the record before the Court, the Debtors and their counsel have formulated and Filed the Plan, obtained approval of the Disclosure Statement,

and solicited votes on the Plan all in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpatory, injunctive, and release provisions set forth in the Plan.

QQ.    Good Faith.    The Debtors and the Committee and each of their respective members, employees, officers, managers, agents, advisors, attorneys, and financial advisors, have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code pursuant to Sections 1125(e) and 1129(a)(3) of the Bankruptcy Code, with respect to the administration of the Plan, the solicitation of acceptances with respect thereto, and the property to be distributed thereunder and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpatory, injunctive, and release provisions set forth in the Plan.

RR.    Retention of Jurisdiction.    The Court may properly, and hereby does, retain jurisdiction over the Debtors with respect to the matters set forth in Article XI of the Plan and paragraph 30 of this Order.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    Confirmation.    The Plan shall be, and hereby is, Confirmed, having met the requirements of Section 1129 of the Bankruptcy Code.  Any and all objections to the Plan not previously withdrawn or resolved under the terms of this Order are hereby overruled in their entirety.  The terms of the Plan are incorporated herein and are an integral part of this Order. The provisions of this Order are integrated with each other and are mutually dependent and not severable.

2.    Findings of Fact and Conclusions of Law.    The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy

-15-

Rule 9014.  To the extent any provision designated herein as a finding of fact is more properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

     3.     <u>Compliance with Sections 1122 and 1123 of the Bankruptcy Code</u>.  The Plan complies with the requirements of Section 1122 and 1123 of the Bankruptcy Code.

     4.     <u>Plan Classification Controlling</u>.  The classification of Claims for purposes of Distributions provided for under the Plan shall be governed solely by the terms of the Plan.  The classifications and amounts of Claims, if any, set forth in the Ballots tendered or returned by the Debtors' Creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes, and (c) shall not be binding on the Debtors, the Liquidation Trustee, the Prepetition Agent, or the GUC Trustee.

     5.     <u>Confirmation Hearing Record</u>.  The record of the Confirmation Hearing shall be, and hereby is, closed as of November 29, 2017.

     6.     <u>Implementation of the Plan</u>.  In accordance with Section 1142 of the Bankruptcy Code, the implementation and consummation of the Plan in accordance with its terms shall be, and hereby is, authorized and approved and the Debtors, the Liquidation Trustee, the GUC Trustee and any other Person designated pursuant to the Plan shall be, and they hereby are, authorized, empowered, directed, and ordered to execute, deliver, file, and record contracts, instruments, releases, indentures, and other agreements or documents, whether or not such document, agreement, indenture, release, instrument, or contract is specifically referred to in the Plan or the Disclosure Statement, and to take any action necessary, appropriate or desirable to implement, effectuate, and consummate the Plan in accordance with its terms.  The Debtors, the

Liquidation Trustee, and the GUC Trustee are hereby authorized and directed to make all payments and Distributions required under the Plan and to implement the Plan in all respects.

7.      <u>Binding Effect</u>.  Pursuant to Section 1141 of the Bankruptcy Code, the Plan and this Order shall be legally binding upon and inure to the benefit of the Debtors, the Estates, the Committee, the Liquidation Trustee, the GUC Trustee, the Holders of Claims, the Holders of Interests, all other parties in interest in the Chapter 11 Cases, and their respective successors and assigns.  Each federal, state, commonwealth, local, or other governmental agency or department is hereby directed and ordered to accept any and all documents and instruments necessary, useful, or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan or herein.

8.      <u>Effective Date</u>.  The Effective Date shall mean the first Business Day following the date on which all conditions to consummation set forth in Article IX of the Plan have been satisfied or waived (if capable of being duly and expressly waived), provided that no stay of the Confirmation Order is then in effect, which date is specified by the Debtors in the Confirmation Notice (defined below) Filed with this Court as the date on which the Plan shall take effect.

9.      <u>Record Date</u>.  The date for determining the identity of Holders of Allowed Claims entitled to receive Distributions under the Plan shall be November 29, 2017 (the "<u>Record Date</u>").  All Distributions on account of Allowed Claims shall be made to the Holder of such Claims as of the Record Date.  As of the close of business on the Record Date, the Claims register maintained by the Claims Agent shall be closed.  The Liquidation Trustee and the GUC Trustee shall have no obligation to recognize any transfer of any Claims occurring after the Record Date.  The Liquidation Trustee and the GUC Trustee shall instead be entitled to recognize and deal for all purposes under the Plan with the Holders as of the Record Date.  Notwithstanding anything in

the Plan to the contrary, Distributions on account of the Allowed Secured Lender Claims and Allowed Secured Lender Deficiency Claims shall be made to the Prepetition Agent, who shall act as the distribution agent with respect to such Claims and allocate and make the Distributions to the Secured Lenders in accordance with the terms and conditions of the Prepetition Credit Documents.

10.     <u>Administrative Bar Date (General)</u>.  Except as otherwise provided in the Plan, any Person holding an Administrative Claim (other than a claim for Professional Compensation) shall File a request for payment of such Administrative Claim with the Claims Agent within thirty (30) days following the Effective Date, except as specifically set forth in the Plan or a Final Order.  At the same time any Person Files an Administrative Claim, such Person shall also serve a copy of the Administrative Claim upon counsel for the Debtors.  **Any Person who fails to timely File and serve a request for payment of such Administrative Claim shall be forever barred from asserting such Administrative Claim against the Debtors, the Estates, the Liquidation Trustee, the GUC Trustee or any of their respective properties, pursuant to Section 3.03(c)(i) of the Plan.**

11.     <u>Administrative Bar Date (Professionals)</u>.  Any Person seeking an award by this Court of Professional Compensation shall File a final application with this Court for allowance of Professional Compensation for services rendered and reimbursement of expenses incurred through the Effective Date within forty-five (45) days after the Effective Date.  The provisions of this paragraph shall not apply to any Professional providing services pursuant to, and subject to the limits contained in, the *Order Authorizing Debtors the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* entered in the Chapter 11 Cases on July 10, 2017 [Docket No. 338].

12.     <u>Approval of Rejection of Executory Contracts and Unexpired Leases</u>.   On the Effective Date, all remaining executory contracts or unexpired leases of the Debtors will be deemed rejected in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code, except those executory contracts or unexpired leases that (a) have been previously rejected or assumed by the Debtors pursuant to an order of this Court, or (b) are the subject of a motion to assume Filed by the Debtors which is pending on the Effective Date.   The entry of this Order shall, subject to and upon the occurrence of the Effective Date, constitute the approval, pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code, of the rejection of executory contracts and unexpired leases rejected pursuant to <u>Section 6.01</u> of the Plan.

13.     <u>Bar Date for Rejection Damage Claims</u>.   **All proofs of claim with respect to Claims arising from the rejection pursuant to the Plan of any executory contracts or unexpired leases, if any, must be Filed with the Bankruptcy Court no later than the later of (a) thirty (30) days after the Effective Date, and (b) thirty (30) days after the entry of an order rejecting such executory contract or unexpired lease.   Any Claims arising from the rejection of executory contracts or unexpired leases that become Allowed Claims are classified and shall be treated as either Class 4 or Class 5 Claims in accordance with Article III of the Plan.   Any Claims arising from the rejection of an executory contract or unexpired lease pursuant to the Plan not Filed within the time required by this section will be forever barred from assertion against the Debtors, their Estates, the Liquidation Trustee, the GUC Trustee or any of their respective properties unless otherwise ordered by this Court or provided in the Plan.   Notwithstanding the foregoing, a Claim for damages arising from the rejection of an executory contract or unexpired lease rejected pursuant to a different order of this Court must be Filed prior to any bar date set forth in such order.**

14.     <u>Liquidating Trust and GUC Trust</u>.  On or before the Effective Date: (a) the Liquidating Trust shall be established and the relevant agreements shall be executed by the parties thereto; (b) all other necessary steps shall be taken to establish the Liquidating Trust; (c) the GUC Trust shall be established and the relevant agreements shall be executed by the parties thereto, (d) all other necessary steps shall be taken to establish the GUC Trust and (e) the property of the Debtors shall be transferred to the Liquidating Trust or the GUC Trust, as applicable, in accordance with the provisions of the Plan.

15.     <u>Vesting of the Debtors' Assets</u>.  All property of the Debtors and their Estates shall vest automatically in either the Liquidating Trust or the GUC Trust, as applicable, pursuant to the terms of the Plan on the Effective Date (without the necessity of executing any instruments of assignment) for the express purpose of allowing the Liquidation Trustee and GUC Trustee to make Distributions to Holders of Claims pursuant to the terms and conditions of the Plan.  As of the Effective Date, (a) all property of the Debtors shall be free and clear of all Liens, Claims and Interests, and (b) the rights of Holders of Claims to receive Distributions shall be governed by the Plan; provided that the Secured Lender Fund and the Secured Lender Collateral shall continue to be subject to the Liens of the Prepetition Agent and other Secured Lenders.

16.     <u>Liquidation Trustee and GUC Trustee</u>.  Mark A. Roberts is approved as the Liquidation Trustee under the Plan as a professional person pursuant to the applicable provisions of the Bankruptcy Code.  Alan Carr is approved as the GUC Trustee under the Plan as a professional person pursuant to the applicable provisions of the Bankruptcy Code.  Except as otherwise specifically provided for in this Order or in the Plan, the Liquidation Trustee and the GUC Trustee shall conduct the final liquidation and distribution of the Estates in each case in accordance with the terms and conditions of this Order and the Plan.

17.     <u>Powers and Duties of the Liquidation Trustee and the GUC Trustee</u>.     The Liquidation Trustee and the GUC Trustee shall have the rights, powers and duties as set forth in the Plan and shall be responsible for administering the Plan under the terms and subject to the conditions set forth in this Order and in the Plan.  This paragraph sets forth certain of the rights, powers and duties of the Liquidation Trustee and the GUC Trustee as set forth in <u>Section 7.03</u> of the Plan.  The Liquidation Trustee shall administer the Liquidating Trust and its assets in accordance with the Plan, the Liquidating Trust Agreement, and the other Liquidating Trust Documents and shall be responsible for, among other things, making certain Distributions required under the Plan.  The GUC Trustee shall administer the GUC Trust and its assets in accordance with the Plan, the GUC Trust Agreement, and the other GUC Trust Documents and shall be responsible for, among other things, making certain Distributions required under the Plan.  From and after the Effective Date and continuing through the date of entry of a Final Decree, each of the Liquidation Trustee and the GUC Trustee shall: (a) possess the rights of a party in interest pursuant to section 1109(b) of the Bankruptcy Code for all matters arising in, arising under, or related to the Chapter 11 Cases and, in connection therewith, shall (i) have the right to appear and be heard on matters brought before the Bankruptcy Court or other courts, (ii) be entitled to notice and opportunity for hearing on all such issues, (iii) participate in all matters brought before the Bankruptcy Court, and (iv) receive notice of all applications, motions, and other papers and pleadings filed in the Bankruptcy Court; (b) as to the Liquidation Trustee only, have the authority to act on behalf of the Debtors in all adversary proceedings and contested matters pending in the Bankruptcy Court and in all actions and proceedings pending elsewhere; and (c) have the authority to retain such personnel or professionals (including, without limitation, legal counsel, financial advisors or other agents) as it deems appropriate and to compensate such

personnel and professionals as it deems appropriate in accordance with Section 5.02 of the Plan, all without prior notice to or approval of the Bankruptcy Court. Professionals and personnel retained or employed by the Liquidating Trust, the Liquidation Trustee, the GUC Trust or the GUC Trustee need not be disinterested as that term is defined in the Bankruptcy Code.

18.     Substantive Consolidation.   The substantive consolidation of all of the Debtors with respect to the treatment of all Claims and Interests as set forth in Section 7.01 of the Plan is hereby approved.   On the Effective Date, (a) all assets and liabilities of the Debtors will be merged or treated as though they were merged; (b) all guarantees of the Debtors of the obligations of any other Debtor and any joint and several liability of any of the Debtors shall be eliminated; (c) each and every Claim of a Debtor held against another Debtor shall be deemed released, cancelled and terminated; and (d) each and every Claim against and Interest in any Debtor shall be deemed Filed against the consolidated Debtors and all Claims Filed against more than one Debtor for the same liability shall be deemed one Claim against any obligation of the consolidated Debtors.

19.     Maintenance of Bank Accounts and Distribution of Liquidation Proceeds.   The Liquidation Trustee and the GUC Trustee shall have the authority and responsibility to disburse the assets of the Estates to the Holders of Allowed Claims and otherwise in accordance with the terms of the Plan.   The Liquidation Trustee shall be entitled to use the Debtors' bank and investment accounts that are in existence as of the Effective Date. The GUC Trustee and the Liquidation Trustee shall be authorized to open such bank or other depository accounts as may be necessary or appropriate in the discretion of the Liquidation Trustee or the GUC Trustee to enable either Trustee to carry out the provisions of the Plan (provided that any account opened by the Liquidation Trustee or the GUC Trustee shall be at a financial institution approved by the

United States Trustee).  The Liquidation Trustee and the GUC Trustee shall each prepare and maintain a detailed set of financial books, records or databases that will allow the Liquidation Trustee and the GUC Trustee to accurately track the amount of Claims asserted against the Estates and the amounts paid to each Holder of an Allowed Claim pursuant to the terms of the Plan; provided that the Liquidation Trustee also shall be entitled to use the Debtors' books and records (including the books and records maintained by the Claims Agent that are in existence on the Effective Date); provided, further, that the Liquidation Trustee shall provide reasonable access to the Debtors' books and records to the GUC Trustee (including the books and records maintained by the Claims Agent that are in existence on the Effective Date) in connection with the GUC Trustee's administration of the GUC Trust.  On the Initial Distribution Date (or as soon thereafter as is reasonably practicable) and each subsequent Distribution Date, the Liquidation Trustee and the GUC Trustee shall make Distributions to the Holders of Allowed Claims in accordance with the terms of the Plan.  The Liquidation Trustee and the GUC Trustee will continue to make Distributions until the assets in the Estates have been fully distributed to Holders of Allowed Claims in accordance with the terms of the Plan.

20.     Corporate Action.  The entry of this Order shall constitute authorization for the Debtors to take or to cause to be taken all corporate and limited liability company actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court.  All such actions shall be deemed to have occurred and shall be in effect pursuant to applicable non-bankruptcy law and the Bankruptcy Code, without any requirement of further action by the stockholders or directors of the Debtors.  On the Effective Date, the appropriate officers and managers of the Debtors are

authorized and directed to execute and deliver the agreements, documents and instruments contemplated by the Plan and the Plan Supplement in the name and on behalf of the Debtors.

21.     <u>Preservation of Causes of Action</u>.  Except as otherwise provided in the Plan, the Asset Purchase Agreement or this Order, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidation Trustee (as a representative of the Debtors' Estates) will retain and may exclusively enforce any Retained Actions other than Avoidance Actions and Commercial Tort Claims (to the extent the latter are not subject to the pre-petition Liens of any Secured Lender), subject only to any express waiver or release thereof in the Plan or in any other contract, instrument, release, indenture or other agreement entered into in connection with the Plan, and this Order's approval of the Plan shall be deemed a res judicata determination of such rights to retain and exclusively enforce such Retained Actions other than Avoidance Actions and Commercial Tort Claims (to the extent the latter are not subject to the pre-petition Liens of any Secured Lender) which shall be retained and exclusively enforced by the GUC Trustee, and none of such Retained Actions is deemed waived, released or determined by virtue of the entry of this Order or the occurrence of the Effective Date, notwithstanding that the specific Retained Actions are not identified or described.  Absent such express waiver or release by the Debtors, the Liquidation Trustee may pursue Retained Actions, as appropriate, in accordance with the best interests of the Liquidating Trust.  The GUC Trustee may pursue Avoidance Actions and Commercial Tort Claims (to the extent the latter are not subject to the pre-petition Liens of any Secured Lender), as appropriate, in the GUC Trustee's sole and absolute discretion, in accordance with the best interests of the GUC Trust.

22.     <u>Effectuating Documents; Further Transactions</u>.  The Debtors, their officers and designees, the Liquidation Trustee, and the GUC Trustee are authorized to execute, deliver, file,

or record such contracts, instruments, releases, indentures, and other agreements or documents, and to take such actions, as may be necessary, desirable or appropriate to effectuate and further evidence the terms and conditions of the Plan or to otherwise comply with applicable law.  In order to facilitate the distribution of the Estates on the Effective Date, the Liquidation Trustee shall be deemed, by operation of law and this Order and without need for any action by any person affiliated with the Debtors or any officer, manager, or member of the Debtors, to hold an irrevocable power of attorney on behalf of the Debtors and the Estates and with respect to all of the Assets, other than the GUC Trust Assets, subject in all cases to the continuing Liens of the Prepetition Agent and other Secured Lenders in and on the Secured Lender Collateral.

23.     <u>Exemption From Certain Transfer Taxes and Recording Fees</u>.  Pursuant to Section 1146(a) of the Bankruptcy Code, any transfers from the Debtors to any other Person pursuant to the Plan, or any agreement regarding the transfer of title to or ownership of any of the Debtors' property, will not be subject to any document recording tax, stamp tax, conveyance fee, sales tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment.  The appropriate state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

24.     <u>Releases by the Debtors of Certain Parties</u>.  **Effective as of the Effective Date, and except as otherwise provided in the Plan or this Order, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, in their individual capacities and as debtors in possession, will be deemed to have forever released, and waived**

the Releasees and the D&O Releasees from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities (other than the rights of the Debtors, the Liquidation Trustee or the GUC Trustee, as appropriate, to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered under or in connection with the Plan), whether for tort, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence, including actions in connection with indebtedness for money borrowed by the Debtors, taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Releasee or D&O Releasee that is determined by a Final Order to have constituted gross negligence, willful misconduct, actual fraud or a criminal act; **provided**, **however**, that (a) no Releasee or D&O Releasee shall be released from any Claims, obligations, suits, judgments, debts or Causes of Action arising out of or in connection with indebtedness for money borrowed by any such person from any of the Debtors and (b) no Cause of Action against any insurer arising out of or relating to matters for which the Debtors would otherwise be liable or suffer an insurable loss shall be released, including without limitation, any Cause of Action against the Debtors' Directors and Officers insurance carrier(s).

25.     **Releases by Holders of Claims and Interests**.  Effective as of the Effective Date, and except as otherwise provided in the Plan or this Order, to the fullest extent

permitted under applicable law, in consideration for the obligations of the Persons set forth below under the Plan and, if applicable, the Cash, securities, contracts, releases and other agreements or documents to be delivered in connection with the Plan, each Holder of a Claim or Interest, except with respect to those Holders of Claims or Interests who vote to reject the Plan or are deemed to reject the Plan, shall be deemed to have forever waived and released (a) the Debtors, (b) the Liquidation Trustee and the GUC Trustee, (c) the Liquidating Trust and the GUC Trust, (d) the Releasees, and (e) the D&O Releasees and their respective Related Persons from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities (other than the rights of such Persons or Entities to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered under or in connection with the Plan), whether for tort, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence, including actions in connection with indebtedness for money borrowed by the Debtors, taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, other than claims or liabilities arising out of or relating to any act or omission of any of the Persons set forth in clauses (a) through (e) of this paragraph that is determined by a final order to have constituted gross negligence, willful misconduct, actual fraud or a criminal act by such Person; provided, however, that this paragraph shall not release any Releasees or the D&O Releasee from any Causes of Action held by a Governmental Unit existing as of the Effective Date based on (i) any criminal

laws of the United States or any domestic state, city or municipality or (ii) sections 1104-1109 and 1342(d) of ERISA; provided, however, that no Cause of Action against any insurer arising out of or relating to matters for which the Debtors would otherwise be liable or suffer an insurable loss shall be released, including without limitation, any Cause of Action against the Debtors' Directors and Officers insurance carrier(s) and only to the extent of such insurance.

26.    Setoffs. Except to the extent that any Claim is Allowed, the Debtors, the Liquidation Trustee or the GUC Trustee, as applicable, may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities, Causes of Action and claims of every type and nature whatsoever which the Estates, the Debtors, the Liquidation Trustee or the GUC Trustee may have against such Creditors, but neither the failure to do so nor the allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Debtors, the Liquidation Trustee or the GUC Trustee of any such claims or Causes of Action the Debtors, the Liquidation Trustee or the GUC Trustee may have against such Creditors, and all such claims and Retained Actions which are not expressly released, conveyed or compromised pursuant to the Plan or the Asset Purchase Agreement shall be conveyed to the Liquidating Trust or the GUC Trust as provided in the Plan.

27.    Exculpation.  **None of the Debtors, the Committee, the Liquidation Trustee, the GUC Trustee, J.H. Whitney VI, LP and Whitney Strategic Partners VI, LP. or any Exculpated Person shall have or incur any liability to any Person, including, without limitation, any Holder of a Claim or Interest or any other party in interest, or any of their respective Related Persons, for any act taken or omission made in connection with, relating**

**to, or arising out of, the Chapter 11 Cases, filing, negotiating, prosecuting, administering, formulating, implementing, confirming or consummating the Plan, or the Property to be distributed under the Plan, including all activities leading to the promulgation and Confirmation of the Plan, the Disclosure Statement (including any information provided or statement made in the Disclosure Statement or omitted therefrom), or any contract, instrument, release or other agreement or document created in connection with or related to the Plan or the administration of the Debtors or these Chapter 11 Cases, provided, however, that the foregoing exculpation shall not apply to any act of gross negligence or willful misconduct.**

28.     <u>Injunction</u>.  This Order shall operate as an injunction as follows:

(a)  **Except as otherwise expressly provided for in the Plan or this Order and to the fullest extent authorized or provided by the Bankruptcy Code, including section 1141 thereof, the entry of this Order shall, provided that the Effective Date occurs, permanently enjoin all Persons that have held, currently hold or may hold a Claim or other debt or liability or an Interest or other right of an equity security holder that is Impaired or terminated pursuant to the terms of the Plan from taking any of the following actions against the Debtors, the Liquidating Trust, the Liquidation Trustee, the GUC Trust, the GUC Trustee, the Purchaser, or the Property of any of the foregoing on account of any such Claims, debts or liabilities or such terminated Interests or rights: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (ii) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means,**

-29-

whether directly or indirectly, any judgment, award, decree or order; (iii) creating, perfecting or enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind; (iv) asserting any setoff, offset, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtors; and (v) proceeding in any manner in any place whatsoever, including employing any process, that does not conform to or comply with or is inconsistent with the provisions of the Plan; provided that the foregoing shall not limit the ability of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered under or in connection with the Plan.  Notwithstanding the foregoing or anything set forth in <u>Section 10.01</u> of the Plan to the contrary, the terms of clause (iv) of this paragraph and clause (d) of <u>Section 10.01(a)</u> of the Plan do not apply to the extent that a right of setoff, subrogation, or recoupment is asserted in connection with a timely Filed proof of a claim related to a non-residential real property lease.

(b)   As of the Effective Date, this Order shall constitute an injunction permanently enjoining any Person that has held, currently holds or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to Section 10.03 of the Plan from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action or liability against (i) any Debtor, (ii) the Liquidating Trust or the GUC Trust, (iii) any Releasee, (iv) any D&O Releasee, or (v) any Exculpated Person, or any of their respective Property, based on, arising from or relating to, in whole or in part, any act, omission, or

other occurrence taking place on or prior to the Effective Date with respect to or in any way relating to the Chapter 11 Cases, all of which claims, demands, debts, rights, Causes of Action or liabilities shall be deemed released on and as of the Effective Date; provided, however, that with respect to the directors, officers and employees of the Debtors that ceased serving in such capacities before the Petition Date, this injunction shall apply only to the enforcement of Claims, demands, debts, rights, Causes of Action or liabilities with respect to which such former directors, officers and employees would be entitled to indemnification from the Debtors under contract or law; and, provided further, however, that this injunction shall not apply to (a) any Claims Creditors may assert under the Plan to enforce their rights thereunder to the extent permitted by the Bankruptcy Code or (b) any claims Creditors or other third parties may have against each other, which claims are not related to the Debtors, it being understood, however, that any defenses, offsets or counterclaims of any kind or nature whatsoever which the Debtors may have or assert in respect of any of the claims of the type described in (a) or (b) of this proviso are fully preserved.

29.   <u>Automatic Stay</u>.  The automatic stay arising out of Section 362(a) of the Bankruptcy Code shall continue in full force and effect until the Consummation Date and the Debtors and the Estates shall be entitled to all of the protections afforded thereby. All assets of the Debtors shall remain property of the GUC Trust or the Liquidation Trust, as applicable, until distributed in accordance with the Plan, and no Person shall at any time have any claim to or interest in any asset of the Debtors except to the extent that such Person is the Holder of an

Allowed Claim or Allowed Interest entitled to Distributions under the Plan; provided that the Secured Lender Fund and the Secured Lender Collateral shall continue to be subject to the Liens of the Prepetition Agent and other Secured Lenders.

30.    Retention of Jurisdiction.  Pursuant to Article XI of the Plan, subsequent to the Effective Date, this Court shall have or retain jurisdiction for the following purposes:

(a) classify or establish the priority or secured or unsecured status of any Claim (whether Filed before or after the Effective Date and whether or not contingent, Disputed or unliquidated) or resolve any dispute as to the treatment of any Claim pursuant to the Plan;

(b) grant or deny any applications for allowance of compensation or reimbursement of expenses pursuant to sections 330, 331 or 503(b) of the Bankruptcy Code or otherwise provided for in the Plan, for periods ending on or before the Effective Date;

(c) determine and resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which any Debtor is a party or with respect to which any Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

(d) ensure that all payments due under the Plan and performance of the provisions of the Plan are accomplished as provided herein and resolve any issues relating to distributions to Holders of Allowed Claims pursuant to the provisions of the Plan;

(e) construe, take any action and issue such orders, prior to and following the Confirmation Date and consistent with section 1142 of the Bankruptcy Code, as may be necessary for the enforcement, implementation, execution and consummation of the Plan and all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan, including, without limitation, the Disclosure Statement and the Confirmation Order, for the maintenance of the integrity of the Plan and protection of the Liquidation Trustee and GUC Trustee in accordance with sections 524 and 1141 of the Bankruptcy Code following consummation;

(f) determine and resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation, implementation or enforcement of the Plan (and all Exhibits to the Plan and the Plan Supplement) or the Confirmation Order, including the indemnification and injunction provisions set forth in and contemplated by the Plan or the Confirmation Order, or any Entity's rights arising under or obligations incurred in connection therewith;

(g) hear any application of the Debtors or the Liquidation Trustee or GUC Trustee to modify the Plan after the Effective Date pursuant to section 1127 of the Bankruptcy Code and Section 12.04 hereof or modify the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code and the Plan;

(h) issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation, implementation or enforcement of the Plan or the Confirmation Order;

(i) enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(j) determine any other matters that may arise in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, the Asset Purchase Agreement, or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement, the Asset Purchase Agreement or the Confirmation Order, except as otherwise provided in the Plan;

(k) determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(l) hear and determine any other matters related hereto and not inconsistent with Chapter 11 of the Bankruptcy Code;

(m) hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan or the Asset Purchase Agreement;

(n) enter one or more Final Decrees closing each of the Chapter 11 Cases;

(o) determine and resolve any and all controversies relating to the rights and obligations of the Liquidation Trustee or GUC Trustee in connection with the Chapter 11 Cases;

(p) allow, disallow, determine, liquidate or estimate any Claim, including the compromise, settlement and resolution of any request for payment of any Claim, the resolution of any Objections to the allowance of Claims and to hear and determine any other issue presented hereby or arising hereunder, including during the

pendency of any appeal relating to any Objection to such Claim (to the extent permitted under applicable law);

(q) permit the Debtors (and the Liquidation Trustee or the Purchaser, to the extent provided for in the Plan, the Asset Purchase Agreement or the Liquidating Trust Agreement) to recover all assets of the Debtors and Property of their respective Estates, wherever located, and permit the GUC Trustee to recover all GUC Trust Assets, wherever located;

(r) hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes and tax benefits and similar or related matters with respect to the Debtors or the Debtors' respective Estates arising prior to the Effective Date or relating to the period of administration of the Chapter 11 Cases, including, without limitation, matters concerning federal, state and local taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(s) hear and determine any motions, applications, adversary proceedings, contested matters and other litigated matters pending on, Filed or commenced after the Effective Date that may be commenced by the Liquidation Trustee or GUC Trustee thereafter, including their respective Retained Actions, proceedings with respect to the rights of the Liquidation Trustee or GUC Trustee, as appropriate, to recover Property under sections 542, 543 or 553 of the Bankruptcy Code, or proceedings to otherwise collect to recover on account of any claim or Cause of Action that the Debtors may have had; and

(t) hear any other matter not inconsistent with the Bankruptcy Code.

31.    Alternative Jurisdiction.  To the extent this Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in or related to the Debtors, including with respect to the matters set forth in Section 11.01 of the Plan, this Order shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

32.    Modification of the Plan.  Prior to the Effective Date, and in accordance with the provisions of section 1127(b) of the Bankruptcy Code and the Bankruptcy Rules, the Debtors, Liquidation Trustee or GUC Trustee may, so long as the treatment of Holders of Claims or Interests under the Plan is not adversely affected, institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in the Plan, the Disclosure

Statement or this Order and any other matters as may be necessary to carry out the purposes and effects of the Plan; provided, however, prior notice of such proceedings shall be served in accordance with Bankruptcy Rules 2002 and 9014.  In accordance with, and to the extent provided by, section 1127 of the Bankruptcy Code, a Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such Holder.

33.    Creditors' Committee.    On the Effective Date, the Committee shall be automatically dissolved and all of its members, Professionals and agents shall be deemed released of their duties, responsibilities and obligations, and shall be without further duties, responsibilities and authority in connection with the Debtors, the Chapter 11 Cases, the Plan or its implementation. After the date of dissolution, the Debtors and the Liquidating Trust shall not be responsible for paying any fees, costs, or expenses incurred by the members of, or professionals or advisors to, the Committee after the Effective Date.

34.    Notice.    Any notice required or permitted to be provided to the Debtors, the Liquidation Trustee, or the GUC Trustee under the Plan shall be in writing and served by overnight courier service, facsimile transmission or certified mail, return receipt requested, addressed as follows:

The Liquidation Trustee or the Debtors:

    Mark A. Roberts
    c/o Alvarez & Marsal North America, LLC
    Washington Center
    1001 G Street NW, Suite 1100 West
    Washington, DC  20001

with a copy to (which shall not constitute notice):

King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Attn:   Sarah Borders
Facsimile:  (404) 572-5100

The GUC Trustee:

Alan Carr
c/o Drivetrain Advisors
630 Third Avenue, 21st Floor
New York, NY  10017

35.     Section 1125 of the Bankruptcy Code.  The Debtors have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and the Debtors and their Affiliates, officers, managers, employees, consultants, agents, advisors, members, attorneys, accountants, financial advisors, other representatives and professionals are not, and on account of such solicitation will not be, liable at any time on account of such solicitation for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

36.     Effect of Reference to the Plan in this Order.  The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect, and enforceability as if fully set forth in this Order.

37.     Substantial Consummation.  On the Effective Date, the Plan shall be deemed to be substantially consummated under Sections 1101 and 1127(b) of the Bankruptcy Code.

38.     Notice.  The form of the notice of the entry of this Order and occurrence of the Effective Date attached hereto as Exhibit A (the "Confirmation Notice") is hereby approved. Pursuant to Rule 3020(c), on or before the date that is five (5) days after the occurrence of the

Effective Date, the Debtors shall File the Confirmation Notice with this Court and serve it by first class mail on each of the following at their respective addresses last known to the Debtors: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) counsel to the Committee; (iii) all parties on the Master Service List Filed in the Chapter 11 Cases; (vii) all known Creditors of the Debtors; and (viii) all known Holders of Interests in the Debtors.  The Confirmation Notice need not be mailed to any Person if a previous mailing to such Person has been returned as undeliverable by the United States Postal Service, unless the Debtors have been informed in writing of a corrected address for such Person.  Upon the filing of the Confirmation Notice, the Debtors shall also publish the Confirmation Notice electronically on http://cases.gardencitygroup.com/irg/maincase.php.  The notice described in this paragraph shall constitute good and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7), 2002(i)-(l) and 3020(c) of Confirmation of the Plan, the entry of this Order, and the occurrence of the Effective Date.

39.  <u>Headings</u>.  The headings of the paragraphs in this Order have been used for convenience of reference only and shall not limit or otherwise affect the meaning of this Order. Whenever the words "include," "includes" or "including" (or other words of similar import) are used in this Order, they shall be deemed to be followed by the words "without limitation."

40.  <u>Conflicts</u>.  The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is any inconsistency between the provisions of the Plan and this Order, the terms and conditions contained in this Order shall govern and shall be deemed a modification to the Plan and shall control and take precedence.

41.     <u>Final Order/No Rule 3020(e) Stay</u>.  This Order is a final order, and the period in which an appeal must be Filed shall commence immediately upon the entry hereof.  The stay imposed by Bankruptcy Rule 3020(e) is hereby waived.

42.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to Sections 1123(a) and 1142 of the Bankruptcy Code, the provisions of this Order and the Plan (including any amendments or modifications thereto) shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

43.     <u>Texas Comptroller of Public Accounts</u>. Notwithstanding anything in the Plan or this Order to the contrary:  (1) to the extent the Texas Comptroller of Public Accounts ("<u>Comptroller</u>") holds Allowed Priority Tax Claims, those claims shall be paid in full with yearly interest at the rate of 4.75% accruing from the Effective Date; (2) the Comptroller shall not be required to file a request for payment of an administrative expense as a condition of it being allowed an administrative expense, but shall be required to file, pursuant to the Plan, a timely proof of claim for any such Administrative Claim in order to hold an Allowed Administrative Claim; (3) the Comptroller's setoff rights are preserved under Section 553 of the Bankruptcy Code; (4) the Comptroller is authorized via its preserved setoff rights and the Final Order Authorizing the Debtors to Pay Certain Pre-Petition Taxes to offset pending overpayments against the Priority Tax Claim filed against Joe's Crab Shack and to then amend or withdraw its claim, as appropriate; and (5) the Comptroller shall not be subject to any release, exculpation, and injunction provisions which seek to release non-debtor responsible entities, affiliates, and individuals, including Landry's, Inc. ("<u>Landry's</u>"), who may be liable to the Comptroller.

44.     <u>Resignation of the Board of Directors</u>.  Immediately upon the Effective Date, all Directors of Ignite Restaurant Group, Inc. will be automatically deemed to have resigned.

45.     <u>Landry's</u>.

(a)     Notwithstanding anything herein or in the Plan to the contrary, the releases and injunctions set forth in the Plan and this Order shall not apply to any rights, claims, defenses or obligations that any Purchaser (as defined below) has against the Debtors, or that the Debtors have against any Purchaser under (i) the *Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of the Debtors Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (c) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* [Docket No. 615], or (ii) the Asset Purchase Agreement and all management agreements, assignments, instruments, documents, exhibits, schedules, and other agreements related thereto.  For the avoidance of doubt, nothing herein shall affect or apply to any obligations pending between Landry's and the Landry's Assignees, and any nonaffiliated assignee from Landry's.

(b)     Nothing herein or in the Plan shall limit any Debtors' or Purchaser's obligations under any order entered by this Court in these Chapter 11 Cases regarding the assumption and assignment of any executory contract or lease.

(c)     As used in this paragraph 45:

(i)     "<u>Landry's Assignees</u>" means Landry's MCGA, Inc.; Brick House Acquisition, Inc.; Brick House Acquisition FL, LLC; Brick House Acquisition NJ, LLC; Crab Shack Acquisition TN, Inc.; Crab Shack Acquisition FL, LLC; Crab Shack Acquisition GA, LLC; Crab Shack Acquisition ID, LLC; Crab Shack Acquisition LA, LLC; Crab Shack

Acquisition NJ, LLC; Crab Shack Acquisition PA, LLC; Crab Shack Acquisition SC, LLC; Crab Shack Acquisition VA, LLC; JCS Acquisition, Inc.; and Landry's Seafood House - Nevada, Inc.

(ii)     "Purchaser" means Landry's, the Landry's Assignees, KRG BHTT, LLC; and KRG JCS, LLC.

46.     Ecolab, Inc.  Notwithstanding anything to the contrary contained elsewhere in the Plan or this Order, Ecolab Inc. ("Ecolab") has opted-out of the release, injunction and exculpation provisions provided for in Sections 10.01, 10.02 and 10.03 of the Plan.  Specifically, and without limitation, Ecolab's setoff and recoupment rights (if any) as to any and all claims that might be owed to the Debtors and as to all Ecolab claims against the Debtors, shall not be modified, limited, or impaired by the Plan or this Order.

47.     Navigators Specialty Insurance.  Nothing in the Plan, this Order or any other document adopted to implement and carry out the Plan shall be construed: (a) to preclude Navigators Specialty Insurance Company ("Navigators") from asserting in any proceeding any and all defenses that it or any insured Debtor may have under or in connection with any claim made under a Navigators' policy, or (b) to waive defenses that Navigators or its Debtor insureds has or may have under the provisions, terms, conditions, defenses and/or exclusions contained in its policies or under non-bankruptcy law.

48.     Modification to Definition of Distribution Date.  Clause (b) of the Definition of Distribution Date in the Plan is hereby modified by replacing "the first Business Day after the end of the months of June and December" with "the first Business Day after December 15th and June 15th".

49. <u>Service</u>. Counsel for the Debtors is directed to serve a copy of this Order on all parties on the Master Service List within three (3) days of the entry of this Order and to File a certificate of service with the Clerk of Court.

**Signed:  December 01, 2017.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT A

## CONFIRMATION NOTICE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IGNITE RESTAURANT GROUP, INC., *et al.*,[1] | ) | Case No. 17-33550 (DRJ) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

NOTICE OF CONFIRMATION OF PLAN, PERMANENT INJUNCTION,
VARIOUS DEADLINES, EFFECTIVE DATE

AND

DEADLINE FOR FILING ADMINISTRATIVE CLAIMS AND CLAIMS
ARISING FROM THE REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on December [____], 2017, the United States Bankruptcy Court for the Southern District of Texas entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017* (the "Confirmation Order"). The Confirmation Order confirmed the *Debtors' Joint Chapter 11 Plan* (as amended and modified to date, the "Plan") filed by the above-captioned debtors and debtors in possession (the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Plan may be obtained at the following website: http://cases.gardencitygroup.com/irg/;

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on [____], 2017;

**PLEASE TAKE FURTHER NOTICE** the Confirmation Order contains the following permanent injunction:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

(a)   Except as otherwise expressly provided for in the Plan or the Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including section 1141 thereof, the entry of the Confirmation Order shall, provided that the Effective Date occurs, permanently enjoin all Persons that have held, currently hold or may hold a Claim or other debt or liability or an Interest or other right of an equity security holder that is Impaired or terminated pursuant to the terms of the Plan from taking any of the following actions against the Debtors, the Liquidating Trust, the Liquidation Trustee, the GUC Trust, the GUC Trustee, the Purchaser, or the Property of any of the foregoing on account of any such Claims, debts or liabilities or such terminated Interests or rights: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (ii) enforcing, levying, attaching, collecting or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree or order; (iii) creating, perfecting or enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind; (iv) asserting any setoff, offset, right of subrogation or recoupment of any kind, directly or indirectly, against any debt, liability or obligation due to the Debtors; and (v) proceeding in any manner in any place whatsoever, including employing any process, that does not conform to or comply with or is inconsistent with the provisions of the Plan; provided that the foregoing shall not limit the ability of any Person or Entity to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered under or in connection with the Plan.

(b)   As of the Effective Date, the Confirmation Order shall constitute an injunction permanently enjoining any Person that has held, currently holds or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to Section 10.03 of the Plan from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action or liability against (i) any Debtor, (ii) the Liquidating Trust or the GUC Trust, (iii) any Releasee, (iv) any D&O Releasee, or (v) any Exculpated Person, or any of their respective Property, based on, arising from or relating to, in whole or in part, any act, omission, or other occurrence taking place on or prior to the Effective Date with respect to or in any way relating to the Chapter 11 Cases, all of which claims, demands, debts, rights, Causes of Action or liabilities shall be deemed released on and as of the Effective Date; provided, however, that with respect to the directors, officers and employees of the Debtors that ceased serving in such capacities before the Petition Date, this injunction shall apply only to the enforcement of Claims, demands, debts, rights, Causes of Action or liabilities with respect to which such former directors, officers and employees would be entitled to indemnification from the Debtors under contract or law; and, provided further, however, that this injunction shall not apply to (a) any Claims Creditors may assert under the Plan to enforce their rights thereunder to the extent permitted by the Bankruptcy Code or (b) any claims Creditors or

other third parties may have against each other, which claims are not related to the Debtors, it being understood, however, that any defenses, offsets or counterclaims of any kind or nature whatsoever which the Debtors may have or assert in respect of any of the claims of the type described in (a) or (b) of this proviso are fully preserved.

NOTICE IS FURTHER GIVEN THAT the Confirmation Order provides, among other things, the following deadlines:

a.    **Administrative Claims Bar Date (General)**:  Except as otherwise provided in the Plan, any Person holding an Administrative Claim (other than a claim for Professional Compensation) shall File a request for payment of such Administrative Claim with the Claims Agent within thirty (30) days following the Effective Date, except as specifically set forth in the Plan or a Final Order.  At the same time any Person Files an Administrative Claim, such Person shall also serve a copy of the Administrative Claim upon counsel for the Debtors.  Any Person who fails to timely File and serve a request for payment of such Administrative Claim shall be forever barred from asserting such Administrative Claim against the Debtors, the Estates, the Liquidation Trustee, the GUC Trustee or any of their respective properties, pursuant to Section 3.03(c)(i) of the Plan.

b.    **Administrative Claims Bar Date (Professionals)**:  Any Person seeking an award by this Court of Professional Compensation shall File a final application with this Court for allowance of Professional Compensation for services rendered and reimbursement of expenses incurred through the Effective Date within forty-five (45) days after the Effective Date.  The provisions of this paragraph shall not apply to any Professional providing services pursuant to, and subject to the limits contained in, the *Order Authorizing Debtors the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* entered in the Chapter 11 Cases on July 10, 2017 [Docket No. 338].

c.    **Rejection Damage Claims Bar Date**:  All proofs of claim with respect to Claims arising from the rejection pursuant to the Plan of any executory contracts or unexpired leases, if any, must be Filed with the Bankruptcy Court no later than the later of (a) thirty (30) days after the Effective Date, and (b) thirty (30) days after the entry of an order rejecting such executory contract or unexpired lease.  Any Claims arising from the rejection of executory contracts or unexpired leases that become Allowed Claims are classified and shall be treated as either Class 4 or Class 5 Claims in accordance with Article III of the Plan.  Any Claims arising from the rejection of an executory contract or unexpired lease pursuant to the Plan not Filed within the time required by this section will be forever barred from assertion against the Debtors, their Estates, the Liquidation Trustee, the GUC Trustee or any of their respective properties unless otherwise ordered by this Court or provided in the Plan.  Notwithstanding the foregoing, a Claim for damages arising from the rejection of an executory contract or unexpired lease rejected pursuant to a different order of this Court must be Filed prior to any bar date set forth in such order.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has approved certain release, exculpation, injunction, and related provisions in Article X of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan and the Confirmation Order contain other provisions that may affect your rights. You are encouraged to review the Plan and the Confirmation Order in their entirety.

**By Order of the Court**                    KING & SPALDING LLP

/s/ Edward Ripley
Edward Ripley (Texas Bar No. 16935950)
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone:  713-751-3200
Facsimile:  713-751-3290
Email: ERipley@kslaw.com

-and-

Sarah R. Borders (admitted pro hac vice)
Jeffrey R. Dutson (admitted pro hac vice)
Elizabeth T. Dechant (admitted pro hac vice)
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  404-572-4600
Email: SBorders@kslaw.com
          JDutson@kslaw.com
          EDechant@kslaw.com

*Counsel for the Debtors and Debtors-in-Possession*