IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.,*[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

GUC TRUST'S SECOND OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW
AND EXPUNGE CERTAIN CLAIMS

(AMENDED AND SUPERSEDED CLAIMS AND NO DEBTOR CLAIMS)

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.

A HEARING HAS BEEN SET ON THIS MATTER ON SEPTEMBER 12, 2018 AT 2:00 P.M. (CENTRAL TIME) AND WILL BE HELD IN COURTROOM 400, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES 1 AND 2 TO EXHIBIT A ATTACHED TO THIS OBJECTION.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).  The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

Drivetrain, LLC, in its capacity as Trustee (the "GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") files this *Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (Amended and Superseded Claims and No Debtor Claims)* (this "Objection").   In support of this Objection, the GUC Trustee respectfully represents as follows:

## Jurisdiction and Venue

1.     This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.     The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

3.     The GUC Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) disallowing and expunging each claim identified with a "Claim No." on **Schedule 1** to the Order in the column titled "Claim(s) to Be Disallowed & Expunged" (collectively, the "Superseded Claims") in its entirety because each such Proof of Claim has been amended and superseded by a later-filed Proof of Claim; and (b) disallowing and expunging each claim identified with a "Claim No." on **Schedule 2** to the Order in the column titled "Claim(s) to Be Disallowed & Expunged" (collectively, the "No Debtor Claims").

**General Background**

4.     On June 6, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.     The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan Tibus in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4] filed on the Petition Date and incorporated herein by reference.

6.     The Debtors have continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On August 29, 2017, the Debtors closed the sale of substantially all of their assets.

8.     On September 18, 2017, the Debtors filed: (a) the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 708] (the "Plan"); and (b) the Disclosure Statement with Respect to the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 709] (the "Disclosure Statement").

9.     On November 29, 2017, the Court confirmed the Plan and on December 1, 2017, entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017* (the "Confirmation Order") [Docket No. 967].  The Plan became effective on December 19, 2017 (the "Effective Date").  *See* Docket No. 1031.

10.     Under the Plan, Drivetrain, LLC was appointed as the GUC Trustee of the Ignite Restaurant Group GUC Trust.

11.     Pursuant to the Plan, the GUC Trustee is a party in interest with respect to all objections to Claims and all compromises of such objections.  Plan, Section 8.04 (". . . the GUC Trustee and other parties in interest to the extent provided by section 502(a) of the Bankruptcy Code, on and after the Effective Date, shall have the right to File objections to Claims . . .").

### The Claims Reconciliation Process

12.     On June 7, 2017, the Court established September 1, 2017 as the bar date for filing claims against the Debtors held by non-governmental entities and December 3, 2017 as the bar date for filing claims against the Debtors held by governmental entities [Docket No. 65].

13.     On July 20, 2017, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs.

14.     On September 8, 2017, the Court entered an order establishing October 16, 2017 as a supplemental bar date for certain employees of the Debtors that did not receive notice of the original bar date.

15.     On November 13, 2017, the Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 886], approving and establishing the proposed objection procedures (the "Objection Procedures"). This Objection is filed in accordance with the Objection Procedures.

16.     The official claims register, prepared and maintained by the Debtors' claims agent, reflects that over 1,450 proofs of claim were filed against the Debtors' estates.

17.     Since the Effective Date, the GUC Trustee, among other things, has coordinated obtaining the information necessary to begin the process of reviewing and reconciling the Claims filed in these chapter 11 cases.  In connection therewith, the GUC Trustee is in the process of analyzing general unsecured claims that it is responsible for reconciling and resolving.  The

GUC Trustee and its advisors have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim.

18.     Attached hereto as **Exhibit B** is the Declaration of Ivona Smith in Support of the *Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (Amended and Superseded Claims)* (the "Declaration").

## Basis for Relief

19.     Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects.  11 U.S.C. § 502(a).  A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.  Fed. R. Bankr. P. 3001(f).  To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery.  *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006).  Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency.  *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998).  Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence."  *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014).  "The ultimate burden of proof always lies with the claimant."  *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

20.     Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. See Fed. R. Bankr. P. 3007(a).  Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: (a) "they duplicate other claims"; (b) "they have been amended by subsequently filed proofs of claim"; (c) "they were not timely filed"; (d) "they have been satisfied or released during the case in accordance with the Code, the applicable rules, or a court order"; and (e) "they are interests, rather than claims." *See* Fed. R. Bankr. P. 3007(d)–(e).

21.     Each of the Proofs of Claims listed in the column entitled "Claim(s) to Be Disallowed & Expunged" in **Schedule 1** to the proposed order attached as **Exhibit A** has been amended and superseded by the corresponding Proof of Claim identified in the column entitled "Surviving Claims" in **Schedule 1**.  Accordingly, the Superseded Claims should be disallowed and expunged with the later-filed "Surviving Claims" to remain as indicated in **Schedule 1**.  If the Superseded Claims are not disallowed and expunged as set forth above, the parties that filed these Proofs of Claim will receive an excessive recovery to the detriment of other stakeholders in this case.  *See* Declaration at ¶ 6.

22.     Accordingly, the GUC Trustee respectfully requests that the Court disallow and expunge each Superseded Claim in its entirety.  Unless otherwise indicated, the relief requested herein will have no effect on the Proofs of Claim listed in the column entitled "Surviving Claims" in **Schedule 1**.  The GUC Trustee hereby reserves his rights to object to the Proofs of Claim listed in the column entitled "Surviving Claims" in **Schedule 1** on any and all applicable grounds.

23.     In addition, each of the Proofs of Claims listed in the column entitled "Claim(s) to Be Disallowed & Expunged" in **Schedule 2** to the proposed order attached as **Exhibit A** were not filed against any particular Debtor and no Debtor was indicated on the Proof of Claim.

24.     Pursuant to the Objection Procedures, the GUC Trustee is authorized to file omnibus objections to claims on grounds that such claims, in part or in whole, "fail to specify a Debtor against whom the claim is asserted."  Objection Procedures ¶ 1(g).  Accordingly, the No Debtor Claims should be disallowed and expunged as the GUC Trust is not aware of any liability for the asserted general unsecured amounts against any particular Debtor entity and the Proof of Claim was not properly executed and filed to constitute *prima facie* evidence of the validity and the amount of the claim.  If the No Debtor Claims are not disallowed and expunged as set forth above, the parties that filed these Proofs of Claim will receive a recovery that they are not otherwise entitled to receive, to the detriment of other stakeholders in this case.

25.     Accordingly, the GUC Trustee respectfully requests that the Court disallow and expunge each No Debtor Claim in its entirety.

## Reservation of Rights

26.     In the event that any of the Superseded Claims or No Debtor Claims are not disallowed and expunged on the grounds asserted herein, the GUC Trustee hereby reserves his rights to object to such Proofs of Claim on any other grounds.  Additionally, the Liquidation Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

27.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a

Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

28.     To the extent that a response is filed regarding any Superseded Claim or No Debtor Claim and the GUC Trustee is unable to resolve any such response, each such Superseded Claim or No Debtor Claim, and the Objection as it pertains to such Superseded Claim or No Debtor Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the GUC Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

### Notice

29.     Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Superseded Claims or No Debtor Claims.  The GUC Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully request that the Court: (a) sustain this Objection; (b) enter an order substantially in the form of the order attached hereto as **Exhibit A** sustaining this Objection and providing that the Superseded Claims or No Debtor Claims shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 18, 2018

COLE SCHOTZ P.C.

**/s/ Michael D. Warner**
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5265
Facsimile: (817) 977-1611
Email: mwarner@coleschotz.com
         bwallen@coleschotz.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (admitted *pro hac vice*)
Peter J. Keane (admitted *pro hac vice*)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Email:  bsandler@pszjlaw.com
         pkeane@pszjlaw.com

*Counsel to the GUC Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IGNITE RESTAURANT GROUP, INC., *et al.*,[1] | ) | Case No. 17-33550 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

ORDER SUSTAINING
GUC TRUST'S SECOND OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW
AND EXPUNGE CERTAIN CLAIMS

(AMENDED AND SUPERSEDED CLAIMS AND NO DEBTOR CLAIMS)

Upon the objection (the "Objection")[2] of Drivetrain, LLC, in its capacity as Trustee (the

"GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") seeking entry of

an order (this "Order") disallowing and expunging the Superseded Claims identified on

**Schedule 1** attached hereto, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007,

each Superseded Claim identified on **Schedule 1** to this Order is disallowed and expunged in its

entirety.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

56797/0002-16096239v1

3.      Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, each No Debtor Claim identified on **Schedule 2** to this Order is disallowed and expunged in its entirety

4.      The Claims Agent is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

5.      Each claim and the objections by the GUC Trustee to each claim identified in **Schedule 1** and **Schedule 2** constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Superseded Claim and No Debtor Claim.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

7.      The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

8.      The GUC Trustee, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

9.     This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2018
        Houston, Texas

_____
THE HONORABLE DAVID R. JONES
CHIEF UNITED STATES
 BANKRUPTCY JUDGE

# **SCHEDULE 1**

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 2nd Omnibus Objection to Claims**
**Schedule 1 - Amended & Superseded Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | SURVIVING CLAIM(S) | | |
|---|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | NAME | CLAIM NO. | CLAIM AMOUNT |
| 1 | ARAMARK UNIFORM & CAREER APPAREL, LLC<br>C/O SHEILA R. SCHWAGER<br>HAWLEY TROXELL ENNIS & HAWLEY, LLP<br>877 MAIN STREET, SUITE 1000<br>BOISE, ID 83702<br><br>Date Filed: 08/21/17<br>Debtor: Joe's Crab Shack, LLC | 401 | Unsecured: $110,607.82 | ARAMARK UNIFORM & CAREER APPAREL LLC<br>FKA ARAMARK UNIFORM & CAREER APPAREL INC<br>C/O HAWLEY TROXELL ENNIS & HAWLEY LLP<br>ATTN SHEILA R SCHWAGER<br>PO BOX 1617<br>BOISE, ID 83701<br><br>Date Filed: 10/27/17<br>Debtor: Joe's Crab Shack, LLC | 1337 | Admin: $117,438.98<br>Unsecured: $497,468.71 |
| 2 | CITY OF SACRAMENTO<br>REVENUE DIVISION<br>915 I ST RM 1201<br>SACRAMENTO, CA 95814<br><br>Date Filed: 11/07/17<br>Debtor: Ignite Restaurant Group, Inc. | 1354 | Unsecured: $149,344.03 | CITY OF SACRAMENTO<br>REVENUE DIVISION<br>915 I ST RM 1201<br>SACRAMENTO, CA 95814<br><br>Date Filed: 01/09/18<br>Debtor: Ignite Restaurant Group, Inc. | 1419 | Unsecured: $149,344.03 |
| 3 | CROSSINGS AT HOBART-I LLC<br>C/O SCHOTTENSTEIN PROPERTY GROUP<br>ATTN TOD H FRIEDMAN<br>4300 E FIFTH AVE<br>COLUMBUS, OH 43219<br><br>Date Filed: 09/05/17<br>Debtor: Joe's Crab Shack, LLC | 1078 | Unsecured: $6,290.88* | CROSSINGS AT HOBART I LLC<br>C/O TOD H FRIEDMAN<br>4300 E FIFTH AVE<br>COLUMBUS, OH 43219<br><br>Date Filed: 04/02/18<br>Debtor: Joe's Crab Shack, LLC | 1460 | Unsecured: $13,143.14* |
| 4 | CROSSINGS AT HOBART-I LLC<br>C/O SCHOTTENSTEIN PROPERTY GROUP<br>ATTN TOD H FRIEDMAN<br>4300 E FIFTH AVE<br>COLUMBUS, OH 43219<br><br>Date Filed: 12/15/17<br>Debtor: Joe's Crab Shack, LLC | 1407 | Unsecured: $11,665.88 | CROSSINGS AT HOBART I LLC<br>C/O TOD H FRIEDMAN<br>4300 E FIFTH AVE<br>COLUMBUS, OH 43219<br><br>Date Filed: 04/02/18<br>Debtor: Joe's Crab Shack, LLC | 1460 | Unsecured: $13,143.14* |
| 5 | EASTERN COASTAL PROPERTIES LLC<br>SHULMAN HODGES & BASTIAN LLP<br>100 SPECTRUM CENTER DR STE 600<br>IRVINE, CA 92618<br><br>Date Filed: 09/01/17<br>Debtor: Ignite Restaurant Group, Inc. | 1020 | Unsecured: Unliquidated | EASTERN COASTAL PROPERTIES LLC<br>C/O SHULMAN HODGES & BASTIAN LLP<br>100 SPECTRUM CENTER DR STE 600<br>IRVINE, CA 92618<br><br>Date Filed: 10/20/17<br>Debtor: Ignite Restaurant Group, Inc. | 1330 | Unsecured: Unliquidated |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 2nd Omnibus Objection to Claims**
**Schedule 1 - Amended & Superseded Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | SURVIVING CLAIM(S) | | |
|---|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | NAME | CLAIM NO. | CLAIM AMOUNT |
| 6 | FC RANCHO LLC<br>ATTN COREY E TAYLOR<br>27201 PUERTA REAL STE 140<br>MISSION VIEJO, CA 92691<br><br>Date Filed: 07/27/17<br>Debtor: Ignite Restaurant Group, Inc. | 277 | Unsecured: $16,892.50 | FC RANCHO LLC<br>ATTN COREY E TAYLOR<br>27201 PUERTA REAL STE 140<br>MISSION VIEJO, CA 92691<br><br>Date Filed: 09/26/17<br>Debtor: Ignite Restaurant Group, Inc. | 1249 | Unsecured: $261,069.50 |
| 7 | FRANCHISE TAX BOARD<br>PO BOX 2952<br>SACRAMENTO, CA 95812<br><br>Date Filed: 01/22/18<br>Debtor: Joe's Crab Shack – Redondo Beach, Inc | 1443 | Unsecured: Unliquidated | FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO, CA 95812<br><br>Date Filed: 03/19/18<br>Debtor: Joe's Crab Shack – Redondo Beach, Inc | 1457 | Priority: $0.00 |
| 8 | FRANCHISE TAX BOARD<br>PO BOX 2952<br>SACRAMENTO, CA 95812<br><br>Date Filed: 01/22/18<br>Debtor: Joe's Crab Shack, LLC | 1444 | Unsecured: Unliquidated | FRANCHISE TAX BOARD<br>PO BOX 2952<br>SACRAMENTO, CA 95812<br><br>Date Filed: 03/19/18<br>Debtor: Joe's Crab Shack, LLC | 1456 | Priority: $0.00 |
| 9 | FRANCHISE TAX BOARD<br>PO BOX 2952<br>SACRAMENTO, CA 95812<br><br>Date Filed: 01/22/18<br>Debtor: Ignite Restaurant Group, Inc. | 1445 | Unsecured: Unliquidated | FRANCHISE TAX BOARD<br>PO BOX 2952<br>SACRAMENTO, CA 95812<br><br>Date Filed: 03/19/18<br>Debtor: Ignite Restaurant Group, Inc. | 1455 | Priority: Unliquidated |
| 10 | MAPLEVIEW ASSOCIATES INC<br>C/O ELLER & DETRICH PC<br>ATTN KEVIN H WYLIE ESQ<br>2727 E 21ST ST STE 200<br>TULSA, OK 74114<br><br>Date Filed: 08/30/17<br>Debtor: Joe's Crab Shack, LLC | 639 | Unsecured: $468,984.00 | MAPLEVIEW ASSOCIATES INC<br>C/O MOYERS MARTIN LLP<br>ATTN MICHAEL ESMOND<br>401 S BOSTON AVE STE 1100<br>TULSA, OK 74129<br><br>Date Filed: 04/05/18<br>Debtor: Joe's Crab Shack, LLC | 1461 | Unsecured: $402,442.23 |
| 11 | NAVEX GLOBAL INC<br>5500 MEADOWS RD<br>LAKE OSWEGO, OR 97035<br><br>Date Filed: 08/17/17<br>Debtor: Ignite Restaurant Group, Inc. | 375 | Unsecured: $58,284.77 | NAVEX GLOBAL INC<br>5500 MEADOWS RD STE 500<br>LAKE OSWEGO, OR 97035<br><br>Date Filed: 11/29/17<br>Debtor: Ignite Restaurant Group, Inc. | 1392 | Unsecured: $0.00 |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 2nd Omnibus Objection to Claims**
**Schedule 1 - Amended & Superseded Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | SURVIVING CLAIM(S) | | |
|---|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | NAME | CLAIM NO. | CLAIM AMOUNT |
| 12 | ROBERT W HUTSON TRUSTEE TR #1001 6/20/00 C/O DIMONTE & LIZAK LLC ATTN JULIA JENSEN SMOLKA 216 W HIGGINS RD PARK RIDGE, IL 60068<br><br>Date Filed: 03/23/18<br>Debtor: Joe's Crab Shack, LLC | 1462 | Unsecured: $431,808.94 | ROBERT W HUTSON TRUSTEE TR #1001 6/20/00 C/O DIMONTE & LIZAK LLC 216 W HIGGINS RD PARK RIDGE, IL 60068<br><br>Date Filed: 04/12/18<br>Debtor: Joe's Crab Shack, LLC | 1468 | Unsecured: $431,808.94 |
| 13 | ROBERT W. HUTSON TRUSTEE TR #1001 6/20/00 DIMONTE & LIZAK, LLC 216 W. HIGGINS ROAD PARK RIDGE, IL 60068<br><br>Date Filed: 09/08/17<br>Debtor: Joe's Crab Shack, LLC | 1178 | Unsecured: $449,285.34 | ROBERT W HUTSON TRUSTEE TR #1001 6/20/00 C/O DIMONTE & LIZAK LLC 216 W HIGGINS RD PARK RIDGE, IL 60068<br><br>Date Filed: 04/12/18<br>Debtor: Joe's Crab Shack, LLC | 1468 | Unsecured: $431,808.94 |
| 14 | SILVERLAKE STADIUM LLC A DELAWARE LLC C/O PRINCIPAL REAL ESTATE INVESTORS LLC ATTN CASEY MILLER 711 HIGH ST DES MOINES, IA 50392<br><br>Date Filed: 08/15/17<br>Debtor: Undetermined | 359 | Unsecured: $8,570.13 | SILVERLAKE STADIUM LLC A DELAWARE LLC C/O PRINCIPAL REAL ESTATE INVESTORS ATTN CASEY MILLER 711 HIGH ST DES MOINES, IA 50392<br><br>Date Filed: 10/16/17<br>Debtor: Joe's Crab Shack, LLC | 1319 | Admin: $7,142.00<br>Unsecured: $104,269.91 |
| 15 | SOUTHERN CALIFORNIA GAS COMPANY MASS MARKET CREDIT & COLLECTIONS PO BOX 30337 LOS ANGELES, CA 90030<br><br>Date Filed: 06/27/17<br>Debtor: Ignite Restaurant Group, Inc. | 107 | Unsecured: $5,949.50 | SOUTHERN CALIFORNIA GAS COMPANY MASS MARKET CREDIT & COLLECTIONS PO BOX 30337 LOS ANGELES, CA 90030<br><br>Date Filed: 08/18/17<br>Debtor: Ignite Restaurant Group, Inc. | 408 | Unsecured: $9,181.56 |
| 16 | THOMSON REUTERS C/O THOMSON REUTERS WEST 610 OPPERMAN DR EAGAN, MN 55123<br><br>Date Filed: 07/19/17<br>Debtor: Ignite Restaurant Group, Inc. | 235 | Unsecured: $6,566.56 | THOMSON REUTERS C/O THOMSON REUTERS - WEST 610 OPPERMAN DR EAGAN, MN 55123<br><br>Date Filed: 08/01/17<br>Debtor: Ignite Restaurant Group, Inc. | 323 | Unsecured: $9,776.24 |
| 17 | WASHINGTONIAN ASSOCIATES L C ATTN BRYAN PRENTICE 2929 ALLEN PKWY STE 2800 HOUSTON, TX 77019<br><br>Date Filed: 09/01/17<br>Debtor: Ignite Restaurant Group, Inc. | 1021 | Unsecured: $34,278.47 | WASHINGTONIAN ASSOCIATES LC C/O ANDREW B SCHULWOLF ESQ 110 N WASHINGTON ST STE 300 ROCKVILLE, MD 20850<br><br>Date Filed: 09/29/17<br>Debtor: Ignite Restaurant Group, Inc. | 1266 | Unsecured: $11,627.85 |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 2nd Omnibus Objection to Claims**
**Schedule 1 - Amended & Superseded Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | SURVIVING CLAIM(S) | | |
|---|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | NAME | CLAIM NO. | CLAIM AMOUNT |
| 18 | XEROX CORPORATION<br>1303 RIDGEVIEW DRIVE - MS-450<br>LEWISVILLE, TX 75057<br><br>Date Filed: 08/18/17<br>Debtor: Joe's Crab Shack, LLC | 378 | Unsecured:  $2,337.42 | XEROX CORPORATION<br>C/O VANESSA O ADAMS<br>1303 RIDGEVIEW DR - 450<br>LEWISVILLE, TX 75057<br><br>Date Filed: 12/18/17<br>Debtor: Ignite Restaurant Group, Inc. | 1408 | Unsecured:  $39,317.06 |

\* Denotes an unliquidated component.

## **SCHEDULE 2**

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 2nd Omnibus Objection to Claims**
**Schedule 2 – No Debtor Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | |
| 1 | SILVERLAKE STADIUM LLC A DELAWARE LLC C/O PRINCIPAL REAL ESTATE INVESTORS LLC ATTN CASEY MILLER 711 HIGH ST DES MOINES, IA 50392  Date Filed: 08/15/17 | 359 | Unsecured:  $8,570.13 | Undetermined | Claim not filed against any particular Debtor.  Claim not properly executed as no Debtor selected on claim form. |
| 2 | SUPERIOR TECH HVAC & R INC 366 MECHANIC ST ORANGE, NJ 07050  Date Filed: 07/31/17 | 291 | Unsecured:  $6,067.95 | Undetermined | Claim not filed against any particular Debtor.  Claim not properly executed as no Debtor selected on claim form. |

**<u>EXHIBIT B</u>**

**Declaration of Ivona Smith**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.,*[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**DECLARATION OF IVONA SMITH IN SUPPORT OF**
**GUC TRUST'S SECOND OMNIBUS OBJECTION TO CLAIMS**
**PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW**
<u>**AND EXPUNGE CERTAIN CLAIMS**</u>

**(AMENDED AND SUPERSEDED CLAIMS AND NO DEBTOR CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Ivona Smith, hereby declare as follows:

1.      I am an advisor at Drivetrain, LLC ("<u>Drivetrain</u>").  My business address is

630 Third Avenue, 21st Floor, New York, NY 10017.

2.      Contemporaneously with the filing of this Declaration, the GUC Trustee filed the

*GUC Trust's Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy*

*Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and*

*Expunge Certain Claims (Amended and Superseded Claims and No Debtor Claims)* (the

"<u>Objection</u>").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).  The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Objection.

3.      The GUC Trustee has duly authorized me to make and submit this Declaration in support of the Objection.

4.      The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business provided to the GUC Trustee that were reviewed by me or other employees of Drivetrain, LLC under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

5.      I have coordinated and supervised the GUC Trustee's claims reconciliation process.  Accordingly, I, or employees of Drivetrain, LLC under my supervision and direction, reviewed and analyzed the proofs of claim listed in **Schedule 1** and **Schedule 2** to **Exhibit A** attached to the Objection.

## The Objection

6.      Each of the Proofs of Claim identified with a "Claim No." in the column titled "Claim(s) to Be Disallowed & Expunged" in **Schedule 1** to **Exhibit A** attached to the Objection (i.e., each Superseded Claim) has been amended and superseded by the corresponding Proof of Claim identified in the column entitled "Surviving Claims" in **Schedule 1** to **Exhibit A**. Accordingly, the Superseded Claims should be disallowed and expunged with the later-filed "Surviving Claims" to remain as indicated in **Schedule 1** to **Exhibit A**.  If the Superseded Claims are not disallowed and expunged as set forth above, the parties that filed these Proofs of Claim will receive an excessive recovery to the detriment of other stakeholders in this case.

7.      In addition, each of the Proofs of Claims listed in the column entitled "Claim(s) to Be Disallowed & Expunged" in **Schedule 2** to **Exhibit A** attached to the Objection (i.e., each No Debtor Claim) were not filed against any particular Debtor and no Debtor was indicated on

the Proof of Claim.  Accordingly, the No Debtor Claims should be disallowed and expunged as the GUC Trust is not aware of any liability for the asserted general unsecured amounts against any particular Debtor entity and the Proof of Claim was not properly executed and filed to constitute *prima facie* evidence of the validity and the amount of the claim.  If the No Debtor Claims are not disallowed and expunged as set forth above, the parties that filed these Proofs of Claim will receive a recovery that they are not otherwise entitled to receive, to the detriment of other stakeholders in this case.

8.     For these reasons, the GUC Trustee requests that the Court disallow and expunge each Superseded Claim and No Debtor Claim in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  July 18, 2018

<div align="right" style="width:50%">

_/s/ Ivona Smith_
_____
Ivona Smith
Drivetrain, LLC, in its capacity as GUC
Trustee of the Ignite Restaurant Group GUC
Trust

</div>