IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IGNITE RESTAURANT GROUP, INC., *et al.*,[1] | ) | Case No. 17-33550 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

GUC TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW
AND EXPUNGE CERTAIN CLAIMS

(INSUFFICIENT DOCUMENTATION CLAIMS)

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON SEPTEMBER 12, 2018 AT 2:00 P.M. (CENTRAL TIME) AND WILL BE HELD IN COURTROOM 400, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

Drivetrain, LLC, in its capacity as Trustee (the "GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") files this *Fourth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (Insufficient Documentation Claims)* (this "Objection").   In support of this Objection, the GUC Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

3.      The GUC Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") disallowing and expunging each claim identified with a "Claim No." on **Schedule 1** to the Order (collectively, the "Insufficient Documentation Claims") its entirety because each such Proof of Claim, as filed, did not include sufficient documentation to ascertain its validity.

**General Background**

4.      On June 6, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan Tibus in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4] filed on the Petition Date and incorporated herein by reference.

6.      The Debtors have continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.       On August 29, 2017, the Debtors closed the sale of substantially all of their assets.

8.      On September 18, 2017, the Debtors filed: (a) the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 708] (the "Plan"); and (b) the Disclosure Statement with Respect to the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 709] (the "Disclosure Statement").

9.      On November 29, 2017, the Court confirmed the Plan and on December 1, 2017, entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017* (the "Confirmation Order") [Docket No. 967].  The Plan became effective on December 19, 2017 (the "Effective Date").  *See* Docket No. 1031.

10.      Under the Plan, Drivetrain, LLC was appointed as the GUC Trustee of the Ignite Restaurant Group GUC Trust.

11.      Pursuant to the Plan, the GUC Trustee is a party in interest with respect to all objections to Claims and all compromises of such objections.  Plan, Section 8.04 (". . . the GUC Trustee and other parties in interest to the extent provided by section 502(a) of the Bankruptcy Code, on and after the Effective Date, shall have the right to File objections to Claims . . .").

## The Claims Reconciliation Process

12.     On June 7, 2017, the Court established September 1, 2017 as the bar date for filing claims against the Debtors held by non-governmental entities and December 3, 2017 as the bar date for filing claims against the Debtors held by governmental entities [Docket No. 65].

13.     On July 20, 2017, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs.

14.     On November 13, 2017, the Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 886], approving and establishing the proposed objection procedures (the "Objection Procedures"). This Objection is filed in accordance with the Objection Procedures.

15.     The official claims register, prepared and maintained by the Debtors' claims agent, reflects that over 1,450 proofs of claim were filed against the Debtors' estates.

16.     Since the Effective Date, the GUC Trustee, among other things, has coordinated obtaining the information necessary to begin the process of reviewing and reconciling the Claims filed in these chapter 11 cases.  In connection therewith, the GUC Trustee is in the process of analyzing general unsecured claims that it is responsible for reconciling and resolving.  The GUC Trustee and its advisors have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim.

17.     Attached hereto as **Exhibit B** is the Declaration of Ivona Smith in Support of the *Fourth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (Insufficient Documentation Claims)* (the "Declaration").

## Basis for Relief

18.     Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects.  11 U.S.C. § 502(a).  A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code.  Fed. R. Bankr. P. 3001(f).  To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery.  *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006).  Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency.  *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998).  Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence."  *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014).  "The ultimate burden of proof always lies with the claimant."  *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

19.     Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. See Fed. R. Bankr. P. 3007(a).  Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated

reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance." *See* Fed. R. Bankr. P. 3007(d).

20.     In addition, pursuant to the Objection Procedures, the GUC Trustee is authorized to file omnibus objections to claims on grounds that such claims, in part or in whole, "fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor." Objection Procedures ¶ 1(i).

21.     The claimants who filed the Insufficient Documentation Claims set forth in **<u>Schedule 1</u>** to **<u>Exhibit A</u>** provided little or no support or information documenting their alleged claims.  The GUC Trustee is not aware of any liability for the asserted amounts and no documentation has been provided to ascertain the validity of these claims.  If the Insufficient Documentation Claims are not disallowed and expunged, the parties that filed these claims could receive recoveries to which they are not actually entitled.  *See* Declaration at ¶ 6.

22.     Accordingly, the GUC Trustee respectfully requests that the Court disallow and expunge each Insufficient Documentation Claim in its entirety.

<u>**Reservation of Rights**</u>

23.     In the event that any of the Insufficient Documentation Claims are not disallowed and expunged on the grounds asserted herein, the GUC Trustee hereby reserves his rights to object to such Proofs of Claim on any other grounds.  Additionally, the GUC Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

24.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

### Separate Contested Matter

25.     To the extent that a response is filed regarding any Insufficient Documentation and the GUC Trustee is unable to resolve any such response, each such Insufficient Documentation Claim, and the Objection as it pertains to such Insufficient Documentation Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the GUC Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

### Notice

26.     Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the Insufficient Documentation Claims.  The GUC Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully request that the Court: (a) sustain this Objection; (b) enter an order substantially in the form of the order attached hereto as **Exhibit A** sustaining this Objection and providing that the Insufficient Documentation Claims shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 18, 2018

COLE SCHOTZ P.C.

**/s/ Michael D. Warner**
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5265
Facsimile: (817) 977-1611
Email: mwarner@coleschotz.com
           bwallen@coleschotz.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (admitted *pro hac vice*)
Peter J. Keane (admitted *pro hac vice*)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Email:  bsandler@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to the GUC Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.,*[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**ORDER SUSTAINING**
**FOURTH OMNIBUS OBJECTION TO CLAIMS**
**PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW**
**AND EXPUNGE CERTAIN CLAIMS**

**(INSUFFICIENT DOCUMENTATION CLAIMS)**

Upon the objection (the "Objection")[2] of Drivetrain, LLC, in its capacity as Trustee (the

"GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") seeking entry of

an order (this "Order") disallowing and expunging the Insufficient Documentation Claims

identified on **Schedule 1** attached hereto, it is HEREBY ORDERED THAT:

1.       The Objection is sustained as set forth herein.

2.       Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007,

each Insufficient Documentation Claim identified on **Schedule 1** to this Order is disallowed and

expunged in its entirety.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).  The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

56797/0002-16096246v1

3.      The Debtors' Claims Agent is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

4.      Each claim and the objections by the GUC Trustee to each claim identified in **Schedule 1** constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Insufficient Documentation Claim.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

6.      The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

7.      The GUC Trustee, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8.      This Court shall retain exclusive jurisdiction to resolve any dispute arising from

or related to this Order.


Dated: _____, 2018
        Houston, Texas

_____
THE HONORABLE DAVID R. JONES
CHIEF UNITED STATES
 BANKRUPTCY JUDGE

# **SCHEDULE 1**

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 4th Omnibus Objection to Claims**
**Schedule 1 – Insufficient Documentation Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | |
| 1 | AMBRIT, LLC, DBA GASKET GUY OF LOUISIANA<br>2076 3RD ST<br>MANDEVILLE, LA 70471<br><br>Date Filed: 08/22/17 | 404 | Unsecured: $1,160.78 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 2 | ANNA COLLINS<br>C/O AIELLO HARRIS ET AL<br>ATTN WILLIAM R MARTH, ESQ<br>501 WATCHUNG AVE<br>WATCHUNG, NJ 07069<br><br>Date Filed: 09/05/17 | 1275 | Unsecured: $1,000,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 3 | ANNA COLLINS<br>C/O AIELLO HARRIS ET AL<br>ATTN WILLIAM R MARTH, ESQ<br>501 WATCHUNG AVE<br>WATCHUNG, NJ 07069<br><br>Date Filed: 09/05/17 | 1275 | Unsecured: $1,000,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 4 | ASHLEY MARIE ADAMS<br>C/O THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 08/28/17 | 534 | Unsecured: $184.50 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 5 | AVIT LLC<br>C/O WHITEHOUSE & COOPER PLLC<br>201 E PINE ST STE 205<br>ORLANDO, FL 32801<br><br>Date Filed: 07/24/17 | 266 | Unsecured: $373.40 | Brick House Development, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 6 | CARLOS F MOCZO<br>36 LEE AVE<br>HALEDON, NJ 07508<br><br>Date Filed: 09/29/17 | 1253 | Unsecured: $25,000.00 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 7 | CENTERPOINT ENERGY<br>PO BOX 1700<br>HOUSTON, TX 77251<br><br>Date Filed: 06/12/17 | 60 | Unsecured: $7,951.42 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 8 | CITY OF SACRAMENTO<br>REVENUE DIVISION<br>915 I ST RM 1201<br>SACRAMENTO, CA 95814<br><br>Date Filed: 11/07/17 | 1355 | Unsecured: $140.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 9 | COURTNEY SHAW<br>1591 LANE AVE S #H12<br>JACKSONVILLE, FL 32210<br><br>Date Filed: 10/12/17 | 1313 | Unsecured: $500.00 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 10 | CRAIG D HELSOR<br>130 LANTERN LANE<br>ROCHESTER, NY 14623<br><br>Date Filed: 09/26/17 | 1247 | Unsecured: $50.00 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 4th Omnibus Objection to Claims**
**Schedule 1 – Insufficient Documentation Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | |
| 11 | DARLENE FABOZZI C/O LIPSITZ GREEN SCIME CAMBRIA LLC ATTN CHERIE PETERSON, ESQ 42 DELAWARE AVE BUFFALO, NY 14202  Date Filed: 08/25/17 | 472 | Unsecured: Unliquidated | BHTT Entertainment, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 12 | DAVID MCLASKEY C/O PAPPAS & RUSSELL P A 213 SILVER BEACH AVE DAYTONA BEACH, FL 32118  Date Filed: 12/08/17 | 1404 | Unsecured: $500,000.00 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 13 | DEBRA MCCOY C/O DAVID R HEIL P A 2324 LEE RD WINTER PARK, FL 32789  Date Filed: 08/07/17 | 333 | Unsecured: $50,000.00 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 14 | DOREEN AND RICHARD TRIPLER C/O ANDREW J SCHNEIDER, ESQ. 1500 MARKET ST STE 4060-WEST PHILADELPHIA, PA 19341  Date Filed: 07/03/17 | 99 | Unsecured: $580,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 15 | EASTERN COASTAL PROPERTIES LLC SHULMAN HODGES & BASTIAN LLP 100 SPECTRUM CENTER DR STE 600 IRVINE, CA 92618  Date Filed: 09/01/17 | 1020 | Unsecured: Unliquidated | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 16 | ELLEYNA ALBANESE 693 EAST AVENUE ROCHESTER, NY 14607  Date Filed: 08/31/17 | 906 | Unsecured: $3,472.00 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 17 | ENLITEN SOLUTIONS LLC DBA SOURCEMOB 307 MANITOBA AVE S WAYZATA, MN 55391  Date Filed: 07/10/17 | 121 | Unsecured: $2,500.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 18 | ENTERGY LOUISIANA LLC C/O L-JEF-359 4809 JEFFERSON HWY STE A NEW ORLEANS, LA 70121  Date Filed: 08/23/17 | 434 | Unsecured: $7,691.13 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 19 | FAIR LAKES CRABHOUSE L.C. ATTN BRYAN PRENTICE 2929 ALLEN PARKWAY, STE 2800 HOUSTON, TX 77019  Date Filed: 09/01/17 | 1019 | Unsecured: $20,492.16 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 20 | JESSICA FENSTERMACHER 447 GRANGE RD ALLENTOWN, PA 18106  Date Filed: 01/11/18 | 1424 | Unsecured: $31,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 4th Omnibus Objection to Claims**
**Schedule 1 – Insufficient Documentation Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | |
| 21 | FREDERICK BANKS<br>#05711068<br>C/O NEOCC<br>2240 HUBBARD RD<br>YOUNGSTOWN, OH 44505<br><br>Date Filed: 09/28/17 | 1251 | Unsecured: $6,500.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 22 | GABRIELLE BRADY (MINOR)<br>C/O LATARSHA BRADY<br>7943 BOSTON LN<br>HIXSON, TN 37343<br><br>Date Filed: 09/05/17 | 1062 | Unsecured: Unliquidated | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 23 | AMBER HUGHES<br>256 MEADOWCRREST DRIVE<br>TERRELL, TX 75160<br><br>Date Filed: 03/14/18 | 1454 | Secured: Unliquidated<br>Priority: Unliquidated<br>Unsecured: Unliquidated | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 24 | IBRAHIM MUNTASER<br>400 SE 8TH STREET<br>FT. LAUDERDALE, FL 33316<br><br>Date Filed: 09/18/17 | 1215 | Unsecured: $15,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 25 | JACKSON EMC<br>PO BOX 38<br>JEFFERSON, GA 30549<br><br>Date Filed: 06/12/17 | 62 | Unsecured: $8,031.32 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 26 | JCS CHESTERFIELD LLC<br>C/O PATRICK R GUNN<br>11901 OLIVE BLVD 3RD FL<br>PO BOX 419002<br>ST LOUIS, MO 63141<br><br>Date Filed: 08/24/17 | 476 | Unsecured: $51,036.00* | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 27 | JENNA MOZZOCIO<br>3478 TUSCARORA DRIVE<br>NEW CASTLE, PA 16105<br><br>Date Filed: 08/29/17 | 600 | Unsecured: $75,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 28 | JESSICA BURTON<br>3 MOUNT DRIVE<br>NORTH BRUNSWICK, NJ 08902<br><br>Date Filed: 09/18/17 | 1216 | Unsecured: $0.00* | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 29 | JOHN S MILLER III<br>1313 BELGRADE AVENUE<br>ORLANDO, FL 32803<br><br>Date Filed: 10/19/17 | 1325 | Unsecured: $1,250.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 30 | KATELYN SILSON<br>C/O MICHAEL BARSZCZ MD JD PA<br>2721 W FAIRBANKS AVE STE 200<br>WINTER PARK, FL 32789<br><br>Date Filed: 07/17/17 | 213 | Unsecured: $60,000.00 | BHTT Entertainment, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 4th Omnibus Objection to Claims**
**Schedule 1 – Insufficient Documentation Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | |
| 31 | KATHRINE LYNN STEARNS<br>C/O THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 08/31/17 | 911 | Unsecured: $6,060.00* | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 32 | KATHRYN CAMPO<br>C/O THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 08/31/17 | 909 | Unsecured: $12,467.00 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 33 | ALZUBYAN KHAN<br>3501 BRADSHAW RD SPC 58<br>SACRAMENTO, CA 95827<br><br>Date Filed: 08/21/17 | 402 | Secured: Unliquidated<br>Priority: Unliquidated<br>Unsecured: Unliquidated | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 34 | LAURA FOSS<br>C/O MILLER INJURY ATTORNEYS<br>ATTN JOHN MILLER<br>4790 GOLDEN FOOTHILL PKWY STE 230<br>EL DORADO HILLS, CA 95762<br><br>Date Filed: 08/23/17 | 412 | Unsecured: $175,000.00 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 35 | LINDA WOODCOCK<br>C/O JACOBS ANDERSON POTTER AND CHAPLIN LLP<br>ATTN DOUGLAS B JACOBS<br>20 INDEPENDENCE CIR<br>CHICO, CA 95973<br><br>Date Filed: 09/29/17 | 1285 | Unsecured: $10,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 36 | LOUGENIA PATTERSON<br>C/O MORGAN & MORGAN PLLC ATLANTA<br>PO BOX 57007<br>ATLANTA, GA 30303<br><br>Date Filed: 09/05/17 | 1077 | Unsecured: $17,745.19 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 37 | MICHAEL DAVID WILLIAMS<br>C/O THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 08/31/17 | 907 | Unsecured: $8,755.00 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 38 | MICHAEL JOHNSON<br>C/O ANTHONY J BRUSCATO<br>2011 HUDSON LN<br>MONROE, LA 71201<br><br>Date Filed: 02/23/18 | 1453 | Unsecured: $16,825.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 39 | MONICA HENDRICKS<br>C/O NORMAN LISS, ATTORNEYS AT LAW PC<br>200 W 57TH ST<br>NEW YORK, NY 10019<br><br>Date Filed: 06/30/17 | 104 | Unsecured: $25,000.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 4th Omnibus Objection to Claims**
**Schedule 1 – Insufficient Documentation Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | **CLAIM(S) TO BE DISALLOWED & EXPUNGED** | | | | |
| 40 | MONICA MILLER<br>C/O THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 09/02/17 | 1059 | Unsecured: $20,520.00 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 41 | MORGAN STEARNS<br>C/O THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 08/31/17 | 910 | Unsecured: $6,240.00* | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 42 | MUNICIPAL AUTHORITY OF THE TOWNSHIP OF ROBINSON<br>ATTN ALBERT J ZANGRILLI JR ESQ<br>11 STANWIX ST, STE 1024<br>PITTSBURGH, PA 15222<br><br>Date Filed: 08/28/17 | 547 | Unsecured: $1,473.74 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 43 | NAVEX GLOBAL INC<br>5500 MEADOWS RD STE 500<br>LAKE OSWEGO, OR 97035<br>Date Filed: 11/29/17 | 1392 | Unsecured: $0.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 44 | NIKIA L STONE<br>C/O MICHAEL J HOOD LLC<br>916 NEW RD<br>WILMINGTON, DE 19805<br>Date Filed: 09/05/17 | 1171 | Unsecured: $100,000.00 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 45 | ONE LIBERTY PROPERTIES INC.<br>60 CUTTER MILL ROAD<br>SUITE 303<br>GREAT NECK, NY 11021<br><br>Date Filed: 09/06/17 | 1092 | Unsecured: $463,404.73 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 46 | ONE LIBERTY PROPERTIES INC.<br>60 CUTTER MILL ROAD<br>SUITE 303<br>GREAT NECK, NY 11021<br><br>Date Filed: 09/06/17 | 1093 | Unsecured: $463,404.73 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 47 | PENINSULA BUILDING & DESIGN INC<br>108 BROAD AVE<br>DAYTONA BEACH, FL 32118<br><br>Date Filed: 07/27/17 | 278 | Unsecured: $2,185.85 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 48 | PETER DINE<br>4805 DEVONHURST WAY<br>POWDER SPRINGS, GA 30127<br><br>Date Filed: 08/28/17 | 576 | Unsecured: $0.00* | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 49 | PLAINVIEW SHOPPES LLC<br>9911 SHELBYVILLE ROAD #200<br>LOUISVILLE, KY 40223<br><br>Date Filed: 08/28/17 | 488 | Unsecured: $22,107.18 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 4th Omnibus Objection to Claims**
**Schedule 1 – Insufficient Documentation Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | CLAIM(S) TO BE DISALLOWED & EXPUNGED | | | | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|
| | NAME | CLAIM NO. | CLAIM AMOUNT | CLAIMED DEBTOR | |
| 50 | SAMCO FACILITIES MAINTENANCE<br>38505 WOODWARD AVE STE 100<br>BLOOMFIELD HILLS, MI 48034<br><br>Date Filed: 11/21/17 | 1377 | Unsecured: $4,604.88 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 51 | SILVERLAKE STADIUM LLC A DELAWARE LLC<br>C/O PRINCIPAL REAL ESTATE INVESTORS LLC<br>ATTN CASEY MILLER<br>711 HIGH ST<br>DES MOINES, IA 50392<br><br>Date Filed: 08/15/17 | 359 | Unsecured: $8,570.13 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 52 | SUPERIOR TECH HVAC & R INC<br>366 MECHANIC ST<br>ORANGE, NJ 07050<br><br>Date Filed: 07/31/17 | 291 | Unsecured: $6,067.95 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 53 | TN DEPT OF LABOR - BOILER/ELEVATOR DIV<br>C/O TN ATTORNEY GENERAL BANKRUPTCY DIVISION<br>PO BOX 20207<br>NASHVILLE, TN 37202<br>Date Filed: 10/12/17 | 1315 | Unsecured: $225.00 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 54 | TYCO INTEGRATED SECURITY LLC<br>10405 CROSSPOINT BLVD<br>INDIANAPOLIS, IN 46256<br><br>Date Filed: 07/24/17 | 255 | Unsecured: $938.27 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 55 | TYCO INTEGRATED SECURITY LLC<br>10405 CROSSPOINT BLVD<br>INDIANAPOLIS, IN 46256<br><br>Date Filed: 07/24/17 | 256 | Unsecured: $688.34 | Ignite Restaurant Group, Inc. | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 56 | VERSHAWN BURNETT<br>THOMAS & SOLOMON LLP<br>693 EAST AVE<br>ROCHESTER, NY 14607<br><br>Date Filed: 08/31/17 | 916 | Unsecured: $54,886.40 | Undetermined | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |
| 57 | XEROX CORPORATION<br>1303 RIDGEVIEW DRIVE - MS-450<br>LEWISVILLE, TX 75057<br><br>Date Filed: 08/18/17 | 378 | Unsecured: $2,337.42 | Joe's Crab Shack, LLC | Claimant failed to provide sufficient documentation to ascertain the validity of the asserted claim. |

* Denotes an unliquidated component.

**<u>EXHIBIT B</u>**

**Declaration of Ivona Smith**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**DECLARATION OF IVONA SMITH IN SUPPORT OF**
**GUC TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS**
**PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW**
**AND EXPUNGE CERTAIN CLAIMS**

**(INSUFFICIENT DOCUMENTATION CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Ivona Smith, hereby declare as follows:

1.     I am an advisor at Drivetrain, LLC ("Drivetrain").  My business address is

630 Third Avenue, 21st Floor, New York, NY 10017.

2.     Contemporaneously with the filing of this Declaration, the GUC Trustee filed the

*GUC Trust's Fourth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy*

*Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and*

*Expunge Certain Claims (Insufficient Documentation Claims)* (the "Objection").[2]

3.     The GUC Trustee has duly authorized me to make and submit this Declaration in

support of the Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).  The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Objection.

4.     The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business provided to the GUC Trustee that were reviewed by me or other employees of Drivetrain, LLC under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

5.     I have coordinated and supervised the GUC Trustee's claims reconciliation process.  Accordingly, I, or employees or advisors of Drivetrain, LLC under my supervision and direction, reviewed and analyzed the proofs of claim listed in **Schedule 1** to **Exhibit A** attached to the Objection.

## The Objection

6.     The Insufficient Documentation Claims set forth in **Schedule 1** to **Exhibit A** provided little or no support or information documenting their alleged claims.  The GUC Trustee is not aware of any liability for the asserted amounts and no documentation has been provided to ascertain the validity of these claims.   If the Insufficient Documentation Claims are not disallowed and expunged, the parties that filed these Claims could receive recoveries to which they are not entitled.

7.     For these reasons, the GUC Trustee requests that the Court disallow and expunge each Insufficient Documentation Claim in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 18, 2018

*/s/ Ivona Smith*

Ivona Smith
Drivetrain, LLC, in its capacity as GUC
Trustee of the Ignite Restaurant Group GUC
Trust
