ZACHARY CARTER
Corporation Counsel of the City of New York
By: Hugh H. Shull III
100 Church Street, Room 5-233
New York, New York 10007
Attorneys for the New York City
  Department of Finance
Tel. 212-356-2138
hughs@law.nyc.gov

Hearing Date: November 5, 2018
Hearing Time: 10:00 a.m. (C.S.T.)

United States Courts
Southern District of Texas
FILED

OCT 12 2018

David J. Bradley, Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION
-------------------------------------------------x
In re:

IGNITE RESTAURANT GROUP, INC.,
et al.,

Chapter 11
Case Nos. 17-33550
(Jointly Administered)

Debtors.
-------------------------------------------------x

## RESPONSE OF THE CITY OF NEW YORK TO LIQUIDATION TRUSTEE'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS

TO:   THE HONORABLE DAVID R. JONES
      UNITED STATES BANKRUPTCY JUDGE

The City of New York (the "City"), by its counsel, ZACHARY CARTER, as and for its response in opposition to the Liquidation Trustee's Fourteenth Omnibus Objection to Claims dated September 21, 2018 (the "Objection"), respectfully states as follows:

1.   The City's Department of Finance ("NYCDOF") filed a priority claim in the amount of $33,290.35 on October 4, 2017 against Debtor Ignite Restaurant Group, Inc., claim number 1264 on the claims register (the "Claim"). The Objection states that "no liability [for the Claim] exists on the Debtor's books and record."

2.   While the Objection Procedures Order provides that the Debtor may file objections to claims on the grounds that such claims are inconsistent with the Debtors' books and

records, it does not indicate that such an objection, on its own, is sufficient to rebut the validity of a prima facie valid claim.

3. DOF's review of the Debtor's tax returns filed for the periods January 1, 2013 to December 31, 2015 revealed that the Special Bonus Depreciation deduction reported by the taxpayer isn't added back to Federal taxable income. The City's tax law doesn't conform to Federal treatment of certain depreciations which the Debtor took in its City tax returns filed for the periods. See IRC 168(k). Such depreciations must be added back to total income for City General Corporation Tax purposes. See NY City Admin Code sec. 11-641(b)(13); 19 NY City Rules sec. 11-27(b)(2).

4. Further, there was an inconsistency in reporting City Sales and Wages factor of the Business Allocation Schedule for the periods January 1, 2013 to December 31, 2015, with figures reported on City returns not matching Federal tax reporting.

5. The Debtor also failed to file business tax returns for the period January 1, 2016 to June 7, 2017. The unpaid balance was forecasted to June 6, 2017. See NY AD. Law 11-603(1) Imposition of Tax.

3. The Claim is prima facie valid. See Fed. R. Bankr. P. 3001(f). Rule 3001(f) "commands that a properly filed proof of claim constitutes prima facie evidence of the claim's validity." In re St. Johnsbury Trucking Co., 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997), aff'd 221 B.R. 692 (S.D.N.Y. 1998), aff'd 173 F.3d 846 (2d Cir. 1999); In re Pinnacle Brands, Inc., 259 B.R. 46, 49-50 (Bankr. D. Del. 2001); In re Finova Capital Corp., 356 B.R. 609, 623 (Bankr. D.Del. 2006). Supporting documentation is not required since the claim is based on statutory taxes. In re Los Angeles Int'l Airport Hotel Assocs., 196 B.R. 134 (9th Cir. BAP 1996) (failure to attach documentation to support a claim based on a statute does not deprive the claim of prima

facie validity), aff'd, 106 F.3d 1479 (9th Cir. 1997); In re Pan, 209 B.R. 152, 156-57 (D. Mass. 1997) (a properly filed proof of claim constitutes prima facie evidence of the government's claim even though no documentary evidence of the claim is provided).

4. The Claim in fact attaches a schedule of the taxes owed and period for which they are owed.

5. Since DOF has established its prima facie case, the burden of going forward shifts to the Debtor to produce evidence sufficient to negate the prima facie validity of the filed claim. See In re Make Meat Corp, 1999 U.S. Dist. LEXIS 3974 (S.D.N.Y. 1999; Johnsbury, supra, 206 B.R. 318 at **15; In re Finova Capital Corp., 356 B.R. at 623; In re Mariner Post-Acute Network, Inc., 2005 U.S. Dist. LEXIS 13673, 4-5 (D.Del. 2005); In re Touch America Holdings, Inc., 2007 Bankr. LEXIS 4167 (Bankr. Del. 2007). "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim" In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) citing Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) (citations omitted).

6. The Trustee's mere assertion that there is no money owed based on the Debtors' books and records does not rebut the presumption of the prima facie validity of the claim.

7. Notwithstanding the foregoing, the penalty portion of the claim can be reclassified as a general unsecured claim, as it does not reflect a penalty for actual pecuniary loss. Based on the arguments and facts herein, the City Claim should be allowed as a priority claim under section 507(a)(8) of the Bankruptcy Code in the amount of $26,245.40, and as a general unsecured claim in the amount of $7,044.95 under 507(a)(8)(G).

WHEREFORE, the City respectfully requests that the Trustee's Objection to the Claim be denied and that the claim be allowed as set forth herein, and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
October 11, 2018

ZACHARY CARTER
Corporation Counsel of the
City of New York
Attorney for the New York City
Department of Finance
100 Church Street, Room 5-233
New York, New York 10007
Tel.   (212) 356-2138
hughs@law.nyc.gov

By: _____
Hugh H. Shull III (HS-0236)
Assistant Corp. Counsel
Not Admitted in Texas

ZACHARY CARTER
Corporation Counsel of the City of New York
By: Hugh H. Shull III
100 Church Street, Room 5-233
New York, New York 10007
Attorneys for the New York City
  Department of Finance
Tel. 212-356-2138
hughs@law.nyc.gov

Hearing Date: November 5, 2018
Hearing Time: 10:00 a.m. (C.S.T.)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**
-------------------------------------------------x
In re:

IGNITE RESTAURANT GROUP, INC.,
et al.,

　　　　　　Debtors.
-------------------------------------------------

Chapter 11
Case Nos. 17-33550
(Jointly Administered)

**CERTIFICATE OF SERVICE**

The undersigned, an attorney duly admitted in the Courts of the Southern and Eastern Districts of New York, certify that on October 11, 2018 the City of New York's Response to Liquidation Trustee's Fourteenth Omnibus Objection to Claims was served on the parties listed below by placing a true copy thereof in a properly addressed, postage pre-paid overnight envelope and placing same in a depository under the exclusive care and custody of the United States Post Office.

By: _____
Hugh H. Shull III (HS-0236)
Assistant Corporation Counsel
Attorney in the Office of Zachary W. Carter
Corporation Counsel of the City of NY
100 CHURCH STREET, ROOM 5-233
NEW YORK, NY 10007
(212) 356-2138
hughs@law.nyc.gov

Sarah R. Borders
Jeffrey R. Dutson
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309

Stephen Statham
Office of the US Trustee, SD Tex
515 Rusk Street, Suite 3516
Houston, Texas 77002

Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
919 North market Street, 17th Floor
Wilmington, Del. 19801

Edward Ripley
King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002