**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GUC TRUST'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW
AND EXPUNGE CERTAIN CLAIMS**

**(NO LIABILITY CLAIMS)**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON MAY 9, 2019 AT 2:00 P.M. (CENTRAL TIME) AND WILL BE HELD IN COURTROOM 400, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

Drivetrain, LLC, in its capacity as Trustee (the "GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") files this *Fourteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (No Liability Claims)* (this "Objection"). In support of this Objection, the GUC Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

3. The GUC Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") disallowing and expunging each claim identified with a "Claim No." on **Schedule 1** to the Order (collectively, the "No Liability Claims") its entirety because each such proof of claim asserts a claim for which the Debtors' estates are not liable.

### General Background

4. On June 6, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan Tibus in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4] filed on the Petition Date and incorporated herein by reference.

6. The Debtors have continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On August 29, 2017, the Debtors closed the sale of substantially all of their assets.

8. On September 18, 2017, the Debtors filed: (a) the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 708] (the "Plan"); and (b) the Disclosure Statement with Respect to the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 709] (the "Disclosure Statement").

9. On November 29, 2017, the Court confirmed the Plan and on December 1, 2017, entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017* (the "Confirmation Order") [Docket No. 967]. The Plan became effective on December 19, 2017 (the "Effective Date"). *See* Docket No. 1031.

10. Under the Plan, Drivetrain, LLC was appointed as the GUC Trustee of the Ignite Restaurant Group GUC Trust.

11. Pursuant to the Plan, the GUC Trustee is a party in interest with respect to all objections to Claims and all compromises of such objections. Plan, Section 8.04 (". . . the GUC Trustee and other parties in interest to the extent provided by section 502(a) of the Bankruptcy Code, on and after the Effective Date, shall have the right to File objections to Claims . . .").

**The Claims Reconciliation Process**

12. On June 7, 2017, the Court established September 1, 2017 as the bar date for filing claims against the Debtors held by non-governmental entities and December 3, 2017 as the bar date for filing claims against the Debtors held by governmental entities [Docket No. 65].

13. On July 20, 2017, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs.

14. On November 13, 2017, the Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 886], approving and establishing the proposed objection procedures (the "Objection Procedures"). This Objection is filed in accordance with the Objection Procedures.

15. The official claims register, prepared and maintained by the Debtors' claims agent, reflects that over 1,450 proofs of claim were filed against the Debtors' estates.

16. Since the Effective Date, the GUC Trustee and its advisors have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim. To date, the GUC Trustee has objected to numerous claims through omnibus objections and also separately resolved certain claims through consensual stipulations. The GUC Trustee continues to review and reconcile claims for which it is responsible.

17. Attached hereto as **Exhibit B** is the *Declaration of Ivona Smith in Support of the Fourteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (No Liability Claims)* (the "Declaration").

**Basis for Relief**

18. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations which would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

19. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. See Fed. R. Bankr. P. 3007(a). Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated

reasons, including: "they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance." *See* Fed. R. Bankr. P. 3007(d).

20. In addition, pursuant to the Objection Procedures, the GUC Trustee is authorized to file omnibus objections to claims on grounds that such claims, in part or in whole, (a) are inconsistent with the Debtors' books and records; (b) fail to specify the asserted claim amount (other than "unliquidated"); (c) seek recovery of amounts for which the Debtors are not liable; (d) are incorrectly or improperly classified; (e) have been formally withdrawn by the claimant through the filing of a pleading through the entry of a Court order indicating withdrawal of the claim; (f) are filed against non-debtors or are filed against multiple Debtors; (g) fail to specify a Debtor against whom the claim is asserted; (h) are disallowed pursuant to section 502 of the Bankruptcy Code; or (i) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor. Objection Procedures ¶ 1(i).

21. The GUC Trustee is in the process of reviewing all general unsecured proofs of claim filed in these cases. As part of this review, the GUC Trustee is not aware that the Debtors' estates have any liability for the No Liability Claims listed in **Schedule 1** to **Exhibit A**, and thus object to the No Liability Claims. If the No Liability Claims are not disallowed and expunged, the parties that filed these claims could receive recoveries to which they are not actually entitled. *See* Declaration at ¶ 6.

22. Accordingly, the GUC Trustee respectfully requests that the Court disallow and expunge each No Liability Claim in its entirety.

**Reservation of Rights**

23.     In the event that any of the No Liability Claims are not disallowed and expunged on the grounds asserted herein, the GUC Trustee hereby reserves his rights to object to such Proofs of Claim on any other grounds.  Additionally, the GUC Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

24.     Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

**Separate Contested Matter**

25.     To the extent that a response is filed regarding any No Liability Claim and the GUC Trustee is unable to resolve any such response, each such No Liability Claim, and the Objection as it pertains to such No Liability Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Further, the GUC Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

**Notice**

26. Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) holders of the No Liability Claims. The GUC Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

**Conclusion**

WHEREFORE, based upon the foregoing, the GUC Trustee respectfully request that the Court: (a) sustain this Objection; (b) enter an order substantially in the form of the order attached hereto as **Exhibit A** sustaining this Objection and providing that the No Liability Claims shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: March 13, 2019 | Respectfully submitted,<br><br>COLE SCHOTZ P.C.<br><br>**/s/ Michael D. Warner**<br>Michael D. Warner (TX Bar No. 00792304)<br>Benjamin L. Wallen (TX Bar No. 24102623)<br>301 Commerce Street, Suite 1700<br>Fort Worth, TX 76102<br>Telephone: (817) 810-5265<br>Facsimile: (817) 977-1611<br>Email: mwarner@coleschotz.com<br>           bwallen@coleschotz.com<br><br>-and-<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Bradford J. Sandler (admitted *pro hac vice*)<br>Peter J. Keane (admitted *pro hac vice*)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone:  (302) 652-4100<br>Email:  bsandler@pszjlaw.com<br>            pkeane@pszjlaw.com<br><br>*Counsel to the GUC Trustee* |

# **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

## ORDER SUSTAINING
## FOURTEENTH OMNIBUS OBJECTION TO CLAIMS
## PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN CLAIMS

### (NO LIABILITY CLAIMS)

Upon the objection (the "Objection")[2] of Drivetrain, LLC, in its capacity as Trustee (the "GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") seeking entry of an order (this "Order") disallowing and expunging the No Liability Claims identified on **Schedule 1** attached hereto, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, each No Liability Claim identified on **Schedule 1** to this Order is disallowed and expunged in its entirety.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

3. The Debtors' Claims Agent is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

4. Each claim and the objections by the GUC Trustee to each claim identified in **Schedule 1** constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each No Liability Claim.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the GUC Trustee's rights under the Bankruptcy Code or any other applicable law.

6. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

7. The GUC Trustee, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2019
      Houston, Texas

_____
THE HONORABLE DAVID R. JONES
CHIEF UNITED STATES
 BANKRUPTCY JUDGE

# **SCHEDULE 1**

**Ignite Restaurant Group, Inc. et al.**
**GUC Trust 14th Omnibus Objection to Claims**
**Schedule 1 – No Liability Claims**

Note: Claimants are listed alphabetically.

| SEQ NO. | NAME | DATE FILED | CASE NUMBER | CLAIM NO. | CLAIMED DEBTOR | CLAIM AMOUNT | GROUNDS FOR OBJECTION |
|---|---|---|---|---|---|---|---|
| | **CLAIM(S) TO BE DISALLOWED & EXPUNGED** | | | | | | |
| 1 | LILLESS MULLER<br>C/O JEFF ARONSKY<br>800 2ND AVE STE 301<br>NEW YORK, NY 10017 | 07/25/17 | N/A | 243 | Undetermined | Unsecured: $75,000.00 | GUC Trust is not aware of any liability of the Debtors' estates for this claim. |
| 2 | MARCUS BRANDY<br>C/O LUCRIETA D BECUDE P A<br>12469 ANTLER HILL DR N<br>JACKSONVILLE, FL 32224 | 08/31/17 | N/A | 937 | Undetermined | Unsecured: $10,000.00 | GUC Trust is not aware of any liability of the Debtors' estates for this claim. |

\* Denotes an unliquidated component.

# **EXHIBIT B**

**Declaration of Ivona Smith**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

**DECLARATION OF IVONA SMITH IN SUPPORT OF
GUC TRUST'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW
AND EXPUNGE CERTAIN CLAIMS**

**(NO LIABILITY CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Ivona Smith, hereby declare as follows:

1. I am the Authorized Representative at Drivetrain, LLC ("Drivetrain"). My business address is 630 Third Avenue, 21st Floor, New York, NY 10017.

2. Contemporaneously with the filing of this Declaration, the GUC Trustee filed the *GUC Trust's Fourteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain Claims (No Liability Claims)* (the "Objection").[2]

3. The GUC Trustee has duly authorized me to make and submit this Declaration in support of the Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Objection.

4. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business provided to the GUC Trustee that were reviewed by me or other representatives of Drivetrain, LLC under my supervision and direction. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

5. I have coordinated and supervised the GUC Trustee's claims reconciliation process. Accordingly, I, or other representatives of Drivetrain, LLC under my supervision and direction, reviewed and analyzed the proofs of claim listed in **Schedule 1** to **Exhibit A** attached to the Objection.

## The Objection

6. The GUC Trustee is in the process of reviewing all general unsecured proofs of claim filed in these cases. As part of this review, the GUC Trustee is not aware that the Debtors' estates have any liability for the No Liability Claims listed in **Schedule 1** to **Exhibit A**, and thus object to the No Liability Claims. If the No Liability Claims are not disallowed and expunged, the parties that filed these claims could receive recoveries to which they are not actually entitled.

7. For these reasons, the GUC Trustee respectfully requests that the Court disallow and expunge each No Liability Claim in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 13, 2019

                                              */s/ Ivona Smith*
                                              Ivona Smith
                                              Drivetrain, LLC, in its capacity as GUC Trustee of the Ignite Restaurant Group GUC Trust