IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------x
                                   :

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **IGNITE RESTAURANT GROUP INC.,** *et al.,*[1] | : | **Case No. 17-33550** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

---------------------------------------------------------------x

**NOTICE OF PROPOSED ORDER APPROVING
STIPULATION BY AND BETWEEN GUC TRUSTEE AND
PAUL R. VIGANO WITHDRAWING PROOF OF CLAIMS #635 AND #912**

     **PLEASE TAKE NOTICE** that Drivetrain, LLC, in its capacity as Trustee (the "**GUC Trustee**") of the Ignite Restaurant Group GUC Trust (the "**GUC Trust**"), has entered into the *Stipulation By and Between GUC Trustee and Paul R. Vigano Withdrawing Proof of Claims #635 and #912* (the "**Stipulation**").  A proposed form of order to approve the Stipulation is attached hereto as **Exhibit A**.  The Stipulation is attached as Exhibit 1 to the proposed order. The GUC Trustee respectfully requests entry of the proposed form of order at the Court's earliest convenience.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development, LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

Dated: May 6, 2019                    Respectfully submitted,

                                      COLE SCHOTZ P.C.

                                      */s/ Michael D. Warner*
                                      Michael D. Warner (TX Bar No. 00792304)
                                      Benjamin L. Wallen (TX Bar No. 24102623)
                                      301 Commerce Street, Suite 1700
                                      Fort Worth, TX 76102
                                      Telephone: (817) 810-5265
                                      Facsimile: (817) 977-1611
                                      Email: mwarner@coleschotz.com
                                             bwallen@coleschotz.com

                                      -and-

                                      PACHULSKI STANG ZIEHL & JONES LLP
                                      Bradford J. Sandler (admitted *pro hac vice*)
                                      Peter J. Keane (admitted *pro hac vice*)
                                      919 North Market Street, 17th Floor
                                      Wilmington, DE 19801
                                      Telephone:  (302) 652-4100
                                      Email:  bsandler@pszjlaw.com
                                              pkeane@pszjlaw.com

                                      *Counsel to the GUC Trustee*

**<u>Exhibit A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

**ORDER APPROVING STIPULATION BY AND BETWEEN GUC TRUSTEE AND**
**PAUL R. VIGANO WITHDRAWING PROOF OF CLAIMS #635 AND #912**

Upon consideration of the *Stipulation By and Between GUC Trustee and Paul R. Vigano*

*Withdrawing Proof of Claims #635 and #912* (the "Stipulation"), a copy of which is attached to

this Order as **Exhibit 1**, as agreed to by and between Drivetrain, LLC, in its capacity as Trustee

(the "GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") and Paul R.

Vigano ("Claimant") (together, with the GUC Trust, the "Parties"); IT IS HEREBY ORDERED

THAT:

1.     The Stipulation is approved.

2.     The official claims register in the above-captioned chapter 11 cases shall

be modified in accordance with the terms of the Stipulation and this Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development, LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

       3.      The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

Dated: _____, 2019
          Houston, Texas

                                    _____
                                      THE HONORABLE DAVID R. JONES
                                      CHIEF UNITED STATES
                                     BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------x
                                          :
In re                                     :              **Chapter 11**
                                          :
**IGNITE RESTAURANT GROUP INC.,** *et al.*,[2]  :         **Case No. 17-33550**
                                          :
                                          :              **Jointly Administered**
              **Debtors.**                :
---------------------------------------------------------------x

### STIPULATION BY AND BETWEEN GUC TRUSTEE AND
### PAUL R. VIGANO WITHDRAWING PROOF OF CLAIMS #635 AND #912

This stipulation (the "Stipulation") is made by and between Drivetrain, LLC, in its capacity as Trustee (the "GUC Trustee") of the Ignite Restaurant Group GUC Trust (the "GUC Trust") and Paul R. Vigano ("Claimant") (together, with the GUC Trust, the "Parties").

### RECITALS

A.      WHEREAS, on June 6, 2017 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition with this Court under chapter 11 of title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code"), thereby commencing the bankruptcy cases that are being jointly administered under the case styled as *In re Ignite Restaurant Group Inc.*, Case No. 17-33350, which is pending in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").   No trustee or examiner has been appointed in these cases.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development, LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

4

B.      WHEREAS, on November 29, 2017, the Court confirmed the Plan and on December 1, 2017, entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017* (the "Confirmation Order") [Docket No. 967].  The Plan became effective on December 19, 2017 (the "Effective Date").  *See* Docket No. 1031.

C.      WHEREAS, on or about August 30, 2017, Claimant filed proof of claim #635 ("Claim 635") as an unliquidated general unsecured claim.

D.      WHEREAS, on or about August 31, 2017, Claimant filed proof of claim #912 ("Claim 912") as an unliquidated general unsecured claim

E.      WHEREAS, on September 21, 2018, the GUC Trust filed its fifth omnibus objection [Docket Nos. 1370], objecting to various claims, including Claim 635 as an unliquidated claim.

F.      WHEREAS, the GUC Trustee and Claimant have agreed to address Claim 635 and Claim 912 on the terms and conditions set for in this Stipulation as follows:

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1.      Withdrawal and Treatment of Claim 635 and Claim 912.   Claim 635 and Claim 912 shall be deemed withdrawn and marked accordingly on the official claims register in the bankruptcy cases.  Claimant shall not have any other claims, whether filed or not filed, scheduled or not scheduled, against the Debtors' estates or against the GUC Trust and shall not receive any distribution from the GUC Trust.

2.      Insurance.   Notwithstanding anything to the contrary herein, nothing in this Stipulation shall limit, reduce, or otherwise affect the availability or applicability of any

insurance policies that may be in effect to defend or cover Claimant or any claims or causes of action asserted against Claimant.  Further, nothing in this Stipulation shall be deemed to modify or otherwise overrule any specific provisions in the Plan or Confirmation Order contrary hereto.

3.     <u>Approval of Stipulation</u>.  This Stipulation is subject to, and conditioned upon, Bankruptcy Court approval.  If the Bankruptcy Court does not approve the Stipulation, each of the Parties shall be returned to their position status quo ante, and the Parties reserve all of their respective rights, claims and defenses with respect to all of the matters set forth herein.

4.     <u>Attorneys' Fees, Costs and Expenses</u>.  Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

5.     <u>Successors and Assigns</u>.  This Stipulation shall be binding upon, and shall inure to the benefit of each of the GUC Trustee, the GUC Trust, and Claimant, and its, his and their respective agents, employees, representatives, assigns, descendants, heirs, personal representative, successors in interest, and attorneys, and shall be binding and effective despite any conversion of any of these bankruptcy cases to a case under any other chapter of the Bankruptcy Code.

6.     <u>No Assignment</u>.   Each of the Parties represents and warrants that it has not assigned or transferred any released matter or any right to consideration provided pursuant to this Stipulation.

7.     <u>No Admission of Liability</u>.  The execution of this Stipulation is not, and may not be construed or portrayed as, an admission of liability by any Party or as an admission of the value or lack thereof of any claim or right held by any Party.

6

8.      <u>Counterparts</u>.  This Stipulation may be signed in counterparts, and a copy of a signature shall be deemed to be an original.

9.      <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by each of the Parties or their counsel and approved by the Bankruptcy Court.

10.     <u>Applicable Law</u>.   This Stipulation shall be governed by and construed in accordance with the laws of the State of Texas without regard to any law concerning the conflicts of laws.

11.     <u>Party Representations</u>.  Each Party and signatory to this Stipulation represents and warrants to the other that it is authorized to enter into this Stipulation and did so knowingly and voluntarily.

12.     <u>Continuing Bankruptcy Court Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder. The Parties consent to the Bankruptcy Court hearing and finally determining all such disputes.  Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to Claim 635 and Claim 912 or any such dispute.

DOCS_DE:223467.2 40162/003

IT IS SO STIPULATED:


_/s/ Jeffrey M. Reisner_____

Jeffrey M. Reisner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Tel: (310) 203-7642
Fax: (310) 203-7199
Email: jreisner@irell.com

*Counsel to Paul R. Vigano*


_/s/ Peter J. Keane_____

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (admitted pro hac vice)
Peter J. Keane (admitted pro hac vice)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Phone:  (302) 652-4100
Email:  bsandler@pszjlaw.com
           pkeane@pszjlaw.com

-and-

COLE SCHOTZ P.C.
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5265
Facsimile: (817) 977-1611
Email: mwarner@coleschotz.com
           bwallen@coleschotz.com

*Counsel to the GUC Trustee*