# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TWENTIETH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW
AND EXPUNGE CERTAIN NO LIABILITY CLAIMS
<u>AS SET FORTH IN SCHEDULE 1</u>**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING HAS BEEN SET ON THIS MATTER ON SEPTEMBER 24, 2019 AT 2:00 PM (CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).

Mark A. Roberts as the Trustee for the IRG Creditors Liquidation Trust (the "Liquidation Trustee") files this *Twentieth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain No Liability Claims as Set Forth in Schedule 1* (this "Objection").  In support of this Objection, the Liquidation Trustee respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are Section 502(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## General Background

3. On June 6, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan Tibus in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 4] filed on the Petition Date and incorporated herein by reference.

5. On August 29, 2017, the Debtors closed the sale of substantially all of their assets.

2

6. On September 18, 2017, the Debtors filed: (a) the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 708] (the "Plan"); and (b) the Disclosure Statement with Respect to the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 709] (the "Disclosure Statement").

7. On September 19, 2017, the Court entered an order approving the Disclosure Statement, authorizing the Debtors to solicit acceptances for the Plan, and setting the hearing on the confirmation of the Plan for November 29, 2017.

8. On December 1, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017* [Docket No. 967] (the "Confirmation Order").

9. The Effective Date occurred under the Plan on December 19, 2017.

10. Mark A. Roberts was appointed by the Bankruptcy Court as the Liquidation Trustee in the Confirmation Order. The Confirmation Order provided also for the appointment of Alan Carr as the GUC Trustee.

### The Claims Reconciliation Process

11. On June 7, 2017, the Court established September 1, 2017 as the bar date for filing claims against the Debtors held by non-governmental entities and December 3, 2017 as the bar date for filing claims against the Debtors held by governmental entities [Docket No. 65].

12. On July 20, 2017, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs.

13. On November 13, 2017, the Court entered the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 886],

approving and establishing the Debtors' proposed objection procedures (the "Objection Procedures").  This Objection is filed in accordance with the Objection Procedures.

14. The Court established January 18, 2018 (*i.e.* 30 days after the Effective Date of the Plan) as the bar date for filing administrative claims against the Debtors (the "Administrative Claims Bar Date").

15. To date, parties have filed over 1,500 proofs of claim against the Debtors.  The Liquidation Trustee and his advisors have been working diligently to review these proofs of claim, including any supporting documentation filed together with any proof of claim.

16. Attached hereto as Exhibit B is the *Declaration of Mark A. Roberts in Support of the Twentieth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain No Liability Claims as Set Forth in Schedule 1.*

### Relief Requested

17. The Liquidation Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A (the "Order") disallowing and expunging each claim identified on Schedule 1 to the Order (collectively, the "No Liability Claims") in its entirety because neither the Debtors nor their estates have any liability for each No Liability Claim.

### Basis for Relief

18. Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects thereto.  *See* 11 U.S.C. § 502(a).  Section 502(b) of the Bankruptcy Code provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . ."  *See* 11 U.S.C. § 502(b).  Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in

writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including: (a) "they duplicate other claims"; (b) "they have been amended by subsequently filed proofs of claim"; (c) "they were not timely filed"; (d) "they have been satisfied or released during the case in accordance with the Code, the applicable rules, or a court order"; and (e) "they are interests, rather than claims". *See* Fed. R. Bankr. P. 3007(d)–(e).

19. Pursuant to the Objection Procedures, the Liquidation Trustee is authorized to file omnibus objections to claims on grounds that such claims, in part or in whole: (a) are inconsistent with the Debtors' books and records; (b) fail to specify the asserted claim amount (other than "unliquidated"); (c) seek recovery of amounts for which the Debtors are not liable; (d) are incorrectly or improperly classified; (e) have been formally withdrawn by the claimant through the filing of a pleading through the entry of a Court order indicating withdrawal of the claim; (f) are filed against non-debtors or are filed against multiple Debtors; (g) fail to specify a Debtor against whom the claim is asserted; (h) are disallowed pursuant to section 502 of the Bankruptcy Code; or (i) fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor. (*Objection Procedures* ¶ 1).

20. The Liquidation Trustee is in the process of reviewing all proofs of claim filed in these cases and the Debtors' books and records. As part of this review, the Liquidation Trustee has determined that the neither the Debtors nor their estates have any liability for each claim listed on Schedule 1 to Exhibit A. If the No Liability Claims are not disallowed and expunged,

the parties that filed these claims could receive recoveries to which they are not actually entitled. (Roberts Decl. ¶ 7.)

21. Accordingly, the Liquidation Trustee respectfully requests that the Court disallow and expunge each No Liability Claim in its entirety.

**Reservation of Rights**

22. In the event that any of the No Liability Claims are not disallowed and expunged on the grounds asserted herein, the Liquidation Trustee hereby reserves his rights to object to such Proofs of Claim on any other grounds. Additionally, the Liquidation Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other claims that may be asserted against the Debtors' estates.

23. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Liquidation Trustee's rights under the Bankruptcy Code or any other applicable law.

**Separate Contested Matter**

24. To the extent that a response is filed regarding any No Liability Claim and the Liquidation Trustee is unable to resolve any such response, each such No Liability Claim, and the Objection as it pertains to such No Liability Claim, will constitute a separate contested matter

as contemplated by Bankruptcy Rule 9014.  Further, the Liquidation Trustee requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

## Notice

25.     Notice of this Objection has been given to: (a) all parties on the Master Service List; and (b) the holders of the No Liability Claims.  The Liquidation Trustee respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

WHEREFORE, based upon the foregoing, the Liquidation Trustee respectfully requests that the Court: (a) sustain this Objection; (b) enter an order substantially in the form of the order attached hereto as Exhibit A sustaining this Objection and providing that the No Liability Claims shall be disallowed and expunged; and (c) grant such other and further relief as the Court deems just and proper.

Date:  July 29, 2019
       Houston, Texas

Respectfully submitted,

KING & SPALDING LLP

/s/ Edward Ripley
Edward Ripley (Texas Bar No. 16935950)
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone:  713-751-3200
Facsimile:  713-751-3290
Email: ERipley@kslaw.com

-and-

Sarah R. Borders (admitted pro hac vice)
Jeffrey R. Dutson (admitted pro hac vice)
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  404-572-4600
Email: SBorders@kslaw.com
       JDutson@kslaw.com

*Counsel for the Liquidation Trustee*

## **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IGNITE RESTAURANT GROUP, INC., *et al.*,[1] | ) | Case No. 17-33550 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

ORDER SUSTAINING TWENTIETH OMNIBUS OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND
RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
SEEKING TO DISALLOW AND EXPUNGE CERTAIN
NO LIABILITY CLAIMS AS SET FORTH IN SCHEDULE 1

Upon the objection (the "Objection") of Mark A. Roberts as the Trustee for the IRG Creditors Liquidation Trust (the "Liquidation Trustee") seeking entry of an order (this "Order") disallowing and expunging the No Liability Claims identified on Schedule 1 attached hereto, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, each No Liability Claim identified on Schedule 1 to this Order is disallowed and expunged in its entirety.

3. The Debtors' Claims Agent is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).

2

4. Each claim and the objections by the Liquidation Trustee to each claim identified in <u>Schedule 1</u> constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each No Liability Claim.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Liquidation Trustee's rights under the Bankruptcy Code or any other applicable law.

6. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

7. The Liquidation Trustee, the Claims Agent, and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2019
Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# **SCHEDULE 1**

**Schedule of No Liability Claims**

Ignite Restaurant Group, Inc., et al.
Liquidation Trustee's Twentieth Omnibus Objection - Schedule 1 – No Liability Claims
Basis for objection: See pages 4-7 of the Foregoing Objection

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | ALLEGHENY COUNTY CENTRAL TAX COLLECTION DISTRICT<br>C/O GOEHRING RUTTER & BOEHM<br>437 GRANT ST 14TH FL<br>PITTSBURGH, PA 15219 | 8/2/2017 | 17-33550 | Ignite Restaurant Group, Inc. | 296 | $ 6,853.74 |
| | Reason: No liability exists on the company's books and records. Claimant did not include sufficient documentation and did not respond to inquiries requesting claim support. | | | | | |
| 2 | COLORADO DEPARTMENT OF REVENUE<br>ATTN BANKRUPTCY UNIT<br>1375 SHERMAN ST RM 504<br>DENVER, CO 80261-0004 | 9/18/2017 | 17-33550 | Ignite Restaurant Group, Inc. | 1238 | $ 10,676.00 |
| | Reason: No liability exists on the company's books and records. Claimant did not include sufficient documentation and did not respond to inquiries requesting claim support. | | | | | |
| 3 | MASSACHUSETTS DEPARTMENT OF REVENUE<br>PO BOX 9564<br>BOSTON, MA 02114-9564 | 10/19/2017 | 17-33558 | BHTT Entertainment, LLC | 1329 | $ 10,607.80 |
| | Reason: No liability exists on the company's books and records. Amended February 2017 withholding return was filed and request submitted to close the account. | | | | | |
| 4 | MISSOURI DEPARTMENT OF REVENEUE<br>ATTN MARIA ROBINETT<br>BOX 475<br>JEFFERSON CITY, MO 65105 | 11/13/2017 | 17-33550 | Ignite Restaurant Group, Inc. | 1370 | $ 6,951.82* |
| | Reason: No liability exists on the company's books and records.  Company records show no nexus in this state for the account number provided. | | | | | |
| | | | | | TOTAL | $ 35,089.36* |

* Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

# **EXHIBIT B**

# **DECLARATION OF MARK A. ROBERTS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **IGNITE RESTAURANT GROUP, INC.,** *et al.*,[1] | ) | **Case No. 17-33550 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

## DECLARATION OF MARK A. ROBERTS IN SUPPORT OF TWENTIETH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW AND EXPUNGE CERTAIN NO LIABILITY CLAIMS AS SET FORTH IN SCHEDULE 1

Pursuant to 28 U.S.C. § 1746, I, Mark A. Roberts, hereby declare as follows:

1. I am a Managing Director at Alvarez and Marsal North America, LLC ("Alvarez"). My business address is Washington Center, 1001 G Street NW, Suite 1100 West, Washington, D.C. 20001.

2. I serve as the Trustee for the IRG Creditors Liquidation Trust.

3. I filed the *Twentieth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow and Expunge Certain No Liability Claims as Set Forth in Schedule 1* (the "Objection").

4. I am duly authorized to make and submit this Declaration in support of the Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235).

5.  The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were reviewed by me or other employees of Alvarez under my supervision and direction.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

6.  I have coordinated and supervised the claims reconciliation process.  Accordingly, I, or employees of Alvarez under my supervision and direction, reviewed and analyzed the Proofs of Claim[2] listed in Schedule 1 to Exhibit A attached to the Objection.

## The Objection

7.  I have thoroughly examined the Debtors' books and records in an attempt to ascertain the validity of the No Liability Claims.  As part of this review, I determined that the neither the Debtors nor their estates have any liability for each claim listed on Schedule 1 to Exhibit A.  If the No Liability Claims are not disallowed and expunged, the parties that filed these claims could receive recoveries to which they are not actually entitled.

8.  For these reasons, I request that the Court disallow and expunge each No Liability Claim in its entirety.

[*Remainder of Page Intentionally Blank*]

---

[2]  All capitalized terms used but not defined herein shall have the meanings given to them in the Objection.

2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 29, 2019.

/s/ Mark A. Roberts<br>Mark A. Roberts